Gladys Elizabeth OST, Plaintiff,

v.

COLLECTION BUREAU, INC.,
Defendant.

John MITCHELL, Plaintiff,

v.

COLLECTION BUREAU, INC.,
Defendant.

Elmer MEIER and Theresa
Meier, Plaintiffs,

v.

COLLECTION BUREAU, INC.,
Defendant.

Michael BINGHAM and Peggy
Bingham, Plaintiffs,

v.

COLLECTION BUREAU, INC.,
Defendant.

Toni M. ROHRICH et al., Plaintiffs,

v.

COLLECTION BUREAU, INC., and
Collection Bureau of North
Dakota, Ltd., Defendants.

Nos. A1–79–108, A1–79–115, A1–79–123,
A1–79–131 and A1–79–197.

United States District Court,
D. North Dakota,
Southwestern Division.

April 29, 1980.

Edwin William Francis Dyer, III, Legal Assistance of North Dakota, Bismarck, N.D., for plaintiffs.

Christine Hogan, Pearce, Anderson & Durick, Bismarck, N.D., for defendant.

## MEMORANDUM and ORDER

VAN SICKLE, District Judge.

Cross motions for partial summary judgment were filed in Civil No. A1–79–197, which had been consolidated with the other cases included in this title. Thereafter the other litigants joined in the cross motions.

The resolution of the motions turns on the question of whether the form letters and notice used by the Defendants as debt collectors comply with the requirements of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.

Section 809 of the Act, 15 U.S.C. § 1692g, applies to the validation of debts and requires:

"(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

■ Both parties have centered their arguments around a standard written notice form issued by Defendant, Collection Bureau, Inc. That form contains a message on the front requesting payment of the debt within five days. On the back side of the form is the validation notice required by the above statute. There is, however, no reference on the front of the form to the validation of debt notice on the back side.[1] It is this lack of reference to the "validation of debt notice" that Plaintiffs assert is a violation of the requirements of Section 809 of the Act (15 U.S.C. § 1692g).

The validation of debts provision is a significant feature of this legislation, the intent being to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." Senate Report (Banking, Housing and Urban Affairs Committee) No. 95–382, August 2, 1977, found at 2 U.S. Code Cong. & Admin. News '77, pp. 1695, 1699. This legislation was designed to protect a consumer who is not aware of the complexities of the law and therefore must be given notice adequate to inform him of his rights under the law. The language on the front of Collection Bureau, Inc's. form would indicate to any reasonable person reading it that he must act within five days or face further proceedings against him.[2] There is nothing on the face of that document to give the consumer any indication that he may have another alternative. The "communication" to the consumer, therefore, is that he has five days in which to pay the alleged debt or face some further "proceeding" by the debt collector. Since the Act specifically gives the consumer thirty days in which to dispute the validity of that debt, the language on the front of Collection Bureau, Inc's. form is, at best, misleading. Without some clearly visible reference to the statutorily mandated language on the reverse side of the form, the consumer is not put on notice of his right to challenge the validity of the debt, thereby defeating the intent of the legislation to eliminate dunning of the wrong person or attempts to collect debts which the consumer has already paid.

If the debt collector wishes to place the validation of debt language on the back of

---

1. See Appendix 1 for example of the form.

2. See the face of Appendix 1.

its "initial communication," then some clear reference to that language must appear on the face of that document. Absent such reference, the validation of debt language on the back of the form is not "contained in the initial communication." Nor can the language on the back be considered a separate written notice sent to the consumer within five days after sending the initial communication. The information on the back of the form is not addressed to the debtor. It is printed in fine print smaller than the communication on the front. The evidentiary facts of:

a.  no reference on the face of the form to the matter on the back;

b.  no address or other language on the back to suggest that the printing on the back is a message to the debtor;

c.  the selection of print size visibly smaller than that on the face of the form, and small enough to make its reading onerous;

all point to a deliberate policy on the part of the collector to evade the spirit of the notice statute, and mislead the debtor into disregarding the notice.

I find that Collection Bureau, Inc's. form does not comply with the requirements of 15 U.S.C. § 1692g.

█  However, I find upon review of all the pleadings and attached exhibits, that the document proffered for review is not the "initial communication" referred to in the statute.

A "communication" is defined in the Act:

"The term 'communication' means the conveying of information regarding a debt directly or indirectly to any person through any medium."

15 U.S.C. § 1692a(2).

Although the standard form may be the first communication from Collection Bureau, Inc., other communications by Defendant, Collection Bureau of North Dakota, Ltd., preceded that form.

The standard procedure used by the collector defendants was to send a series of demands which originated from Collection Bureau of North Dakota, Ltd. These demands ordered the debtor to remit directly to the merchant who had extended the credit. Also the demands showed no address or telephone number for Collection Bureau of North Dakota, Ltd. The demands grew progressively more harsh, and the final demand gave notice that the account would be transferred to "Collection Bureau, Inc." [3] Collection Bureau of North Dakota, Ltd. and Collection Bureau, Inc., together constitute a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), which recites:

"The term 'debt collector' means any person who . . . regularly collects or attempts to collect, directly or indirectly, debts owed or due to be owed or due another."

My analysis that the Defendants acted as a unit, whether directly or indirectly is borne out by the assertions of the Plaintiff's attorney made in open court, and not disputed by the Defendants,[4] and by the

---

3.  See Appendix 2, 3, 4, 5 and 6 for examples of the forms.

4.  "*Rohrich v. Collection Bureau, Inc.*, A1–79–197, March 10, 1980. (Opening statement by Mr. Dyer as follows:)

MR. DYER: As a preliminary, I would like to present a general overview of our theory of the class action aspects of our case and then present our witness.

THE COURT: Fine

MR. DYER: Thank you. I feel this is necessary, particularly since the relative complexity of the numbers of the provisions of the Fair Debt Collection Practices Act have been called into question in this case and the fact that perhaps it is not evident from the face of the

complaint how our violations relate to the operations of the defendant. Our understanding of the relationship between the two defendants, Collection Bureau, Inc., and the Collection Bureau of North Dakota, Ltd., is that the Collection Bureau, Inc., is primarily a telephone debt collector and that they receive debts from creditors, attempt to collect them from debtors, and ultimately in many cases bring suit in their own name on these debts after taking assignment of the original creditors.

THE COURT: What's the relationship of Collection Bureau of North Dakota, Ltd., and Collection Bureau, Inc.? What's their control relationship?

MR. DYER: It is our understanding—this may be incorrect—that they're controlled by

admission of the Defendants made in their "Supplemental Memorandum of Facts and Law in Opposition to Motion to Certify Class Action." [5]

I find, therefore, that the first notice sent by the "debt collector" (Appendix 2), is the "initial communication" for purposes of this motion. There is nothing in the record as developed to this point that would indicate the presence of any validation of debt language in that communication nor any indication that any such notice was sent to any of the Plaintiffs within five days after sending the first notice. I find that De-

fendants, debt collectors, "initial communication" fails to comply with the requirements of Section 809 of the Act (15 U.S.C. § 1692g.).

Partial summary judgment on the issue of liability for failing to comply with requirements of 15 U.S.C. § 1692g. is *granted* in favor of Plaintiffs. Plaintiffs' request for damages is *denied* as being premature. Defendants' motion for partial summary judgment is *denied*.

These cases are set for trial on the 8th day of September, 1980, at 9:30 a. m.

IT IS SO ORDERED.

---

the same people or entities but they're separate, but they work together to the extent that Collection Bureau of—

THE COURT: Do they have identical stockholders or identical boards of directors or—

MR. DYER: We have determined that they have the same business address and the same registered agent for service of process who, I believe, also is one of the leading executive officers. Collection Bureau, Ltd. is in the business of collection—I believe as described a "flat rater." They send out a series of notices intended to bring forth the debtors to pay the debt, but I don't—it is our belief at this point, pending further discovery, that they do not bring suit in their own name to collect these debts and that the—but they're—."

**5.** Page 8 of the Supplemental Memorandum of Facts and Law in Opposition to Motion to Certify Class Action:

"(The reason that only a small portion of the alleged class of 'persons contacted by the defendants regarding a debt' received the notice in question is due to the fact that the vast majority of persons contacted by the defendants received only the series of notices attached to the complaint as Exhibits 'B' through 'H' (Appendix 2 through 6). Most persons, upon receiving the series of notices 'B' through 'H', pay the debt in question and thus an actual collection account is never opened and Exhibit 'A' (Appendix 1) is never sent out to those persons.)"

## APPENDIX 1

*"Collections — Are Our Business"*

ollection
ureau , INC.

ACCOUNTS RECEIVABLE SPECIALISTS
223-3525

P.O. BOX 1057
BISMARCK, N.D. 58501

RE:

DATE OF SERVICE
BALANCE
SERVICE CHARGE
TOTAL DUE

Please take notice that your account has been referred to us for immediate action!

Therefore, unless you remit to the Collection Bureau, Inc., P.O. Box 1057, Bismarck, ND 58501, the amount due within the next five (5) days from the date of this letter, we will have no alternative but to proceed against you.

Pay in full today to avoid further action.

Sincerely yours

PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT

| ACCOUNT NUMBER | CLIENT NUMBER | DATE |
|---|---|---|
| | | |

BALANCE
SERVICE CHARGE
TOTAL DUE

COLLECTION BUREAU, INC.
P.O. BOX 1057
BISMARCK, NORTH DAKOTA 58501

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice, this office will: obtain verification of the debt or obtain a copy of the judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

## APPENDIX 2

### COLLECTION
### BUREAU OF NORTH DAKOTA, LTD.

# URGENT

This is to confirm your PAST DUE balance as shown by records of our member IS THERE ANY REASON FOR YOUR DELAY IN PAYMENT? Please mail payment at once to our MEMBER or advise today! Kindly do it NOW.

| TO THE ATTENTION OF | MAKE PAYMENT DIRECTLY TO | ACCOUNT NO. |
|---|---|---|
| | | PAY THIS AMOUNT |

ALWAYS USE ENCLOSED RETURN ENVELOPE WITH MEMBERS ↟ ADDRESS ↟ SHOWING THROUGH WINDOW

## APPENDIX 3

### COLLECTION
### BUREAU OF NORTH DAKOTA, LTD.

## PLEASE TAKE NOTICE!

Your account is still reported as **DUE!** It is **IMPORTANT** that you pay our MEMBER at once! Do not place your ACCOUNT IN JEOPARDY.

| TO THE ATTENTION OF | MAKE PAYMENT DIRECTLY TO | ACCOUNT NO. |
|---|---|---|
| | | PAY THIS AMOUNT |

ALWAYS USE ENCLOSED RETURN ENVELOPE WITH MEMBERS ↟ ADDRESS ↟ SHOWING THROUGH WINDOW

## APPENDIX 4

### COLLECTION
### BUREAU OF NORTH DAKOTA, LTD.

## THIS ACCOUNT IS LONG **PAST DUE**

We expect and INSIST on IMMEDIATE PAYMENT.
We intend to be courteous, but collection is our purpose
REMIT the balance to our MEMBER NOW.

| TO THE ATTENTION OF | MAKE PAYMENT DIRECTLY TO | ACCOUNT NO. |
|---|---|---|
| | | PAY THIS AMOUNT |

ALWAYS USE ENCLOSED RETURN ENVELOPE WITH MEMBERS ↟ ADDRESS ↟ SHOWING THROUGH WINDOW

APPENDIX 5

**ALWAYS USE ENCLOSED RETURN ENVELOPE WITH MEMBERS ↑ ADDRESS ↑ SHOWING THROUGH WINDOW**

APPENDIX 6

**ALWAYS USE ENCLOSED RETURN ENVELOPE WITH MEMBERS ↑ ADDRESS ↑ SHOWING THROUGH WINDOW**