**Lenvil MILLER, Plaintiff–Appellant,**

v.

**PAYCO–GENERAL AMERICAN CREDITS, INCORPORATED, Defendant–Appellee.**

**No. 90–1866.**

United States Court of Appeals, Fourth Circuit.

Argued April 12, 1991.

Decided Aug. 26, 1991.

James F. McAvoy, UAW–GM Legal Services Plan, Baltimore, Md., argued (O. Randolph Bragg, UAW–GM Legal Services Plan, Newark, Del., on brief), for plaintiff-appellant.

Richard R. Kobriger, Jr., Cramer, Multhauf & Hammes, Waukesha, Wis., argued (J. Martin McDonough, Jr., Baltimore, Md., on brief), for defendant-appellee.

Before RUSSELL and WILKINSON, Circuit Judges, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.

## OPINION

WILKINSON, Circuit Judge:

This case examines whether a form letter used by a debt collection agency observed the rights of consumers under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692*o*. We hold that the collection agency did not effectively convey certain statutorily required information to the consumer and therefore reverse the judgment of the district court.

### I.

Lenvil Miller owed $2,501.61 to the Star Bank of Cincinnati. Star Bank referred collection of Miller's account to Payco–General American Credits, Inc. ("Payco"), a debt collection agency. Payco then sent to Miller the collection form which is the source of the controversy.

Across the top of the one page form is the title, "DEMAND FOR PAYMENT," in large, red, boldface type. After the title follows information as to the creditor, the amount owed, and Payco's address. In the middle of the page, again in large, red, boldface type, is the statement, "THIS IS A DEMAND FOR IMMEDIATE FULL PAYMENT OF YOUR DEBT." That statement is followed by these sentences in black boldface type: YOUR SERIOUSLY PAST DUE ACCOUNT HAS BEEN GIVEN TO US FOR IMMEDIATE ACTION. YOU HAVE HAD AMPLE TIME TO PAY YOUR DEBT, BUT YOU HAVE NOT. IF THERE IS A VALID REASON, PHONE US AT [telephone number] TODAY. IF NOT, PAY US—NOW. The bottom third of the document is almost completely filled by the single word, "NOW," in white letters nearly two inches tall against a red background.

At the very bottom of the page, in the smallest type to appear on the form (letters one-eighth of an inch high), is the statement, "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION." The notice is printed in white against a red background. On the reverse of the document are four paragraphs printed in gray ink. The last three paragraphs contain the validation notice—that is, statements required by the Fair Debt Collection Practices Act (FDCPA) that inform the consumer how to obtain verification of the debt. *See* 15 U.S.C. § 1692g.

Miller brought suit against Payco in the United States District Court for the District of Maryland pursuant to 15 U.S.C. § 1692k on the ground that the validation notice did not comply with the FDCPA. Miller did not dispute that Payco included all the debt validation information required by the FDCPA. Rather, Miller charged that the validation notice was contradicted by other parts of the collection letter, that it was overshadowed by the demands for immediate payment, and that it was not effectively conveyed to the consumer. The district court granted summary judgment for Payco, concluding that the company had complied with the FDCPA by printing the validation notice on the back of the document and referring to it on the front.

Miller now appeals.

### II.

Section 1692g requires a debt collector to send a consumer, either in its initial communication or within five days of its initial communication, a written notice containing: 1) the debt amount; 2) the name of the current creditor; 3) a statement that if the consumer disputes the debt in writing within thirty days, the collector will send verification of the debt to the consumer; 4) a statement that if the consumer does not dispute the debt within thirty days, the collector will assume the debt to be valid; 5) a statement that the collector will send the name of the original creditor, upon written request within thirty days. 15 U.S.C. § 1692g(a). If the consumer, in writing, disputes the debt or requests the name of the original creditor, then the collector must halt all collection efforts until it mails verification of the debt or the creditor's name to the consumer. 15 U.S.C. § 1692g(b).

In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted "to eliminate abusive debt collection practices" which "contribute to the

number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a), (e). Congress included the debt validation provisions in order to guarantee that consumers would receive adequate notice of their legal rights. *See* S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, *reprinted in* 1977 U.S.Code Cong. & Admin.News 1695, 1699, 1702. Thus, a debt collector does not comply with § 1692g "merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor." *Swanson v. Southern Oregon Credit Serv., Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988). For example, a validation notice printed on the back of a form letter where the front of the letter contains no reference at all to the notice does not comply with § 1692g. *Riveria v. MAB Collections, Inc.,* 682 F.Supp. 174, 177 (W.D.N.Y.1988); *Ost v. Collection Bureau, Inc.,* 493 F.Supp. 701, 702–03 (D.N.D.1980). *But see Blackwell v. Professional Business Services of Georgia, Inc.,* 526 F.Supp. 535, 538 (N.D.Ga. 1981). Furthermore, in order to be effective, "the notice must not be overshadowed or contradicted by other messages or notices appearing in the initial communication from the collection agency." *Swanson,* 869 F.2d at 1225.

█ We agree with Miller that the form he received from Payco both contradicted and overshadowed the required validation notice, preventing the notice's effective communication. The front of the Payco form demands "IMMEDIATE FULL PAYMENT" and commands the consumer to "PHONE US TODAY," emphasized by the word "NOW" emblazoned in white letters nearly two inches tall against a red background. The message conveyed by those statements on the face of the form flatly contradicts the information contained on the back.

A consumer who wished to obtain validation of his debt could lose his rights under the statute if he followed the commands to telephone. Section 1692g guarantees that validation will be sent and collection activities will cease only when the consumer disputes the debt in writing. If a consumer attempted to exercise his statutory rights by making the requested telephone call, Payco would be under no obligation to comply with section 1692g's directives to verify the debt and to cease collection efforts. The language on the front of the form emphatically instructs consumers to dispute their debt by telephone, in opposition to the statutory requirements.

The emphasis on immediate action also stands in contradiction to the FDCPA, which provides consumers a thirty day period to decide to request validation. A consumer who received Payco's form could easily be confused between the commands to respond "immediately," "now," and "today," and the thirty day response time contemplated by the statute.

█ Payco asserts that § 1692g does not require that all collection activity cease during the thirty day period. It is true that the statute requires cessation of debt collection efforts only until the time that a requested validation has been mailed. Nevertheless, Congress has also recognized that "[m]eans other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts." 15 U.S.C. § 1692(c). Payco need not cease its collection efforts in order to abide by the statute, it simply needs to convey effectively the validation notice without contradicting it. The manner of Payco's presentation plainly undercuts and overshadows the message of the validation notice. Screaming headlines, bright colors and huge lettering "all point to a deliberate policy on the part of the collector to evade the spirit of the notice statute, and mislead the debtor into disregarding the notice." *Ost,* 493 F.Supp. at 703. We do not believe on these facts that Payco effectively conveyed the validation notice to Miller.

Payco responds that "unlike other consumer protection legislation, § 1692g does not mandate a particular format, type size, location or 'conspicuous' position for the validation notice, but rather looks entirely to its content." *Blackwell,* 526 F.Supp. at 538. We agree that to prescribe the exact

size, color, or method of presentation for the validation notice would be judicial rule writing in which we shall not indulge. Our role instead is limited to the essentially negative one of examining whether a given notice comports with the requirements of the statute. There are numerous and ingenious ways of circumventing § 1692g under a cover of a technical compliance. Payco has devised one such way, and we think that to uphold it would strip the statute of its meaning.

## III.

For the foregoing reasons, we reverse the judgment of the district court and remand for further proceedings.

REVERSED AND REMANDED.