**Robert F. CORTRIGHT and Janie Cortright, Plaintiffs,**

v.

**James C. THOMPSON, Defendant.**

**No. 91 C 20216.**

United States District Court,
N.D. Illinois, W.D.

April 1, 1992.

Philip H. Hart, UAW–Chrysler Legal Services, Belvidere, IL, for plaintiffs.

Frederic Theodore Brandt, III, Kostanta-cos, Traum, Reuterfors & McWilliams, P.C., Rockford, IL, for defendant.

## ORDER

REINHARD, District Judge.

### Introduction

Plaintiffs, Robert F. Cortright and Janie Cortright, filed a complaint against defendant, James C. Thompson, alleging that defendant violated the Fair Debt Collection Practices Act (Act), 15 U.S.C. § 1692 *et seq.* The complaint alleges that a letter sent by defendant violated the Act by stating differing views of the validity of the debt; namely stating that the debt was due immediately and should be paid within 10 days but later stating that after 30 days the debt would be considered valid. This claim also alleges that the letter misrepresented the "imminence of legal action" and the "existence of 'mandatory court' attendance." The complaint also alleges an alternative theory that the letter was a form letter which was used to create a false belief that a person other than the creditor, in this case defendant, was participating in the collection of the debt when the person in fact was not participating. Defendant has moved for summary judgment[1] and sanctions pursuant to Federal Rule of Civil Procedure (F.R.C.P.) 11. Plaintiffs have filed a cross-motion for partial summary judgment as to liability.

### Facts

On April 2, 1991, defendant, a licensed attorney in Illinois, sent plaintiffs a letter notifying them that their account at Rockford Clinic in the amount of $1152.27 was "long past due." Defendant represents Rockford Mercantile Agency (RMA). The letter was written on defendant's firm's letterhead and stated the following:

> CREDITOR—ROCKFORD CLINIC
>
> AMOUNT DUE 1,152.27
>
> REF—192236
>
> 300587
>
> CORTRIGHT, JANIE/CHRISTIN
> CORTRIGHT          ROBERT
>
> 5608 BELLVILLE DR
>
> ROCKFORD IL 61108

IT HAS COME TO MY ATTENTION THAT YOUR ACCOUNT WITH THE CREDITOR NAMED ABOVE IS LONG PAST DUE. THEREFORE, IT IS ESSENTIAL THAT THE BALANCE DUE IS PAID IMMEDIATELY, OR IN THE ALTERNATIVE, THAT SATISFACTORY PAYMENT ARRANGEMENTS BE MADE THROUGH MY CLIENT, ROCKFORD MERCANTILE AGENCY. PLEASE CONTACT MY CLIENT AT 815-965-0581 TO DISCUSS THE STATUS OF YOUR ACCOUNT AT YOUR EARLIEST POSSIBLE CONVENIENCE. IN THE EVENT THE BALANCE IS NOT PAID IN FULL OR SATISFACTORY PAYMENT ARRANGEMENTS MADE WITHIN TEN DAYS, IT MAY BE NECESSARY TO FILE AT ANY TIME THEREAFTER A LAWSUIT TO RECOVER THE AMOUNT DUE IF SO REQUESTED BY MY CLIENT. I AM CERTAIN THAT YOU REALIZE THAT SUCH ACTION COULD OBLIGATE YOU TO PAY ADDITIONAL SUMS FOR COURT COSTS AND ALSO LEAD TO YOU MISSING TIME FROM WORK TO ATTEND MANDATORY COURT APPEARANCES. YOUR PROMPT ATTENTION TO THIS MATTER IS EXPECTED.

> Very truly yours,
>
> KOSTANTACOS, TRAUM, REUTERFORS & McWILLIAMS, P.C.
>
> James C. Thompson /s/
>
> James C. Thompson

JCT/jb

Unless you notify my client at (815) 965-0581 within 30 days of the receipt of this letter that you dispute any portion of this debt, we will assume the debt is valid. If you do so notify us we will obtain verification of the debt and mail a copy to you; we will also provide the name and address of the original creditor; if different than that listed above.

---

**1.** Defendant has actually filed a "Motion for Judgment" and cited F.R.C.P. 12(c). Because matters outside the pleadings are presented, the motion shall be treated as a motion for summary judgment, pursuant to F.R.C.P. 12(c).

THE PURPOSE OF THIS CORRE-
SPONDENCE IS TO COLLECT A
DEBT AND ANY INFORMATION OB-
TAINED WILL BE USED FOR THAT
PURPOSE.

On April 8, 1991, plaintiffs, through their attorney, requested that the debt be verified. The debt has since been discharged.

### Contentions

Defendant contends that the letter did not violate the Act. Plaintiffs' cross-motion for partial summary judgment contends that the letter violated the Act by not effectively conveying the validation notice.

### Discussion

■■■ This court will not grant any summary judgment motion unless all of the pleadings and supporting documents, if any, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *Fitzsimmons v. Best*, 528 F.2d 692, 694 (7th Cir.1976). Facts are material so as to preclude summary judgment if they might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. However, the district court is not required to evaluate every conceivable inference that can be drawn from evidentiary matters, but only reasonable ones. *Spring v. Sheboygan Area School District*, 865 F.2d 883, 886 (7th Cir.1989). The mere existence of a scintilla of evidence in support of a party's position is insufficient; there must be evidence on which the jury could reasonably find for the party. *Anderson*, 477 U.S. at 252, 106 S.Ct. at 2512. The inquiry to be made on a motion for summary judgment is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson*, 477 U.S. at 251–52, 106 S.Ct. at 2512.

Initially, plaintiffs' "alternate cause of action" alleged in paragraphs 9 and 10 of plaintiffs' complaint must be addressed. This cause of action alleges that defendant violated the Act "by furnishing a form letter knowing it would be used to create the false belief that an attorney, and not the collection agency itself, was attempting to collect the debt." According to plaintiffs, defendant violated the Act if he provided the letter to a third party for its independent use in the collection process. Apparently plaintiffs allege that defendant was not participating in the collection of the debt.

Section 1692j(a) of the Act states, "It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating." 42 U.S.C. § 1692j(a).

Defendant's affidavit states that he is one of the attorneys within his firm which represents RMA and that he and other attorneys review all correspondence sent to consumers on behalf of RMA. Two other affidavits state that all correspondence sent on behalf of RMA are reviewed by either defendant or two other attorneys. Plaintiffs have not presented any evidence refuting defendant's participation in reviewing the correspondence.

Because plaintiffs have not presented any evidence to refute the affidavits which show that defendant participated in the collection of the debt, defendant's motion for summary judgment is granted as to the "alternate cause of action."

As to the first claim that defendant violated the Act, it must be noted at the outset that there is an absence of authority about this issue from the Seventh Circuit and no reported cases from this district. However, there are several other circuit court opinions and district court decisions on this issue. Further, defendant has included in the record two informal opinion letters ad-

dressed to different law firms which address the issue raised here.

■ District courts need not give the decisions of other courts of appeals automatic deference because, within reason, the parties are entitled to an independent judgment. *Colby v. JC Penney Co., Inc.,* 811 F.2d 1119, 1123 (7th Cir.1987). Although decisions of other circuits are not necessarily controlling, district courts should give them substantial weight. *Richards v. Local 134, International Brotherhood of Electrical Workers,* 790 F.2d 633, 636 (7th Cir.1986). In contrast, a decision of a district judge has persuasive rather than authoritative effect, *Alliance to End Repression v. City of Chicago,* 820 F.2d 873, 875 (7th Cir.1987), and is not binding on the circuit or even on other district judges in the same district, *United States v. Articles of Drug Consisting of 203 Paper Bags,* 818 F.2d 569, 572 (7th Cir.1987).

■ Although § 1692k(e) of the Act, provides that no liability shall be imposed for any act done or omitted in good faith in conformity with any advisory opinion of the Federal Trade Commission (FTC), informal letters of the FTC staff outlining the current enforcement position of the staff do not limit liability. *Hulshizer v. Global Credit Services,* 728 F.2d 1037, 1038 (8th Cir.1984). The precedential value of informal advisory letters is limited by the restricted interpretive power given to the FTC under the Act. *Pressley v. Capital Credit & Collection Service,* 760 F.2d 922, 925 (9th Cir.1985). Such letters are merely suggestions that the stated interpretations are the more likely meaning of the statute. *Staub v. Harris,* 626 F.2d 275, 279 (3rd Cir.1980).

Therefore, all the authority relied upon by the parties will be given the weight that each is due. The opinions of the court of appeals from other circuits receive the greatest weight; other district court decisions receive some weight, and the informal letters receive the least weight.

■ A two-step process is used to determine if a debt collector violated the Act: first, the court must interpret the statute, and second, the court must determine if defendant violated the Act as interpreted by the court. *Higgins v. Capitol Credit Services, Inc.,* 762 F.Supp. 1128, 1131 (D.Del.1991). As defendant concedes, the clear weight of authority for determining if a debt collector violated the Act requires that the court apply the least sophisticated consumer analysis. *See, e.g., Smith v. Transworld Systems, Inc.,* 953 F.2d 1025, 1028 (6th Cir.1992); *Graziano v. Harrison,* 950 F.2d 107, 111 (3rd Cir.1991); *Swanson v. Southern Oregon Credit Services, Inc.,* 869 F.2d 1222, 1225 (9th Cir.1988); *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1175 (11th Cir.1985); *but see Blackwell v. Professional Business Services of Georgia, Inc.,* 526 F.Supp. 535, 538 (N.D. Georgia 1981).

■ The statutory section at issue here is 15 U.S.C. § 1692g(a). This section is commonly referred to as the debt validation notice section. *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1409 (D.Conn.1990). This section of the Act requires a debt collector to send a consumer, either in its initial communication or within five days of its initial communication, a written notice containing: 1) the debt amount; 2) the name of the current creditor; 3) a statement that if the consumer disputes the debt in writing within thirty days, the collector will send verification of the debt to the consumer; 4) a statement that if the consumer does not dispute the debt within thirty days, the collector will assume the debt to be valid; and 5) a statement that the collector will send the name of the original creditor, upon written request within thirty days. *Miller v. Payco–General American Credits, Inc.,* 943 F.2d 482, 483 (4th Cir.1991).[2]

**2.** The text of 15 U.S.C. § 1692g(a) provides the following:

**Notice of debt; contents**

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

In *Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222, 1225–26 (9th Cir.1988), the court held that although the communication, a letter, contained the validation notice required by § 1692g, the notice, in small, ordinary type face at the bottom of the page, was not effective because it was overshadowed and contradicted by the debt collector's bold-faced, underlined statement which said, "IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM. A GOOD CREDIT RATING—IS YOUR MOST VALUABLE ASSET." While this statement visually overshadowed the § 1692g notice, the court also stated, *"More importantly,* the substance of the language stands in threatening contradiction to the text of the debt validation notice." *Swanson,* 869 F.2d at 1226 (Emphasis added.). The contradiction is that the notice allows for 30 days, yet harm is threatened if the consumer did not act within ten days. *Swanson,* 869 F.2d at 1226.

Since *Swanson,* several courts have applied this overshadowing and threatening factor to the least sophisticated consumer analysis. *See, e.g., Miller v. Payco–General American Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991); *Graziano v. Harrison,* 950 F.2d 107, 111 (3rd Cir.1991); *Gaetano v. Payco of Wisconsin, Inc.,* 774 F.Supp. 1404, 1412 (D.Conn.1990); *see also, Masuda v. Thomas Richards & Co.,* 759 F.Supp. 1456, 1463 (C.D.Cal.1991). However, there is authority to the contrary, particularly from the United States District Court for Delaware. *See, e.g., Anthes v. Transworld Systems, Inc.,* 765 F.Supp. 162, 170 (D.Del. 1991); *Higgins v. Capitol Credit Services, Inc.,* 762 F.Supp. 1128, 1135 (D.Del.1991); *Smith v. Financial Collection Agencies,*

770 F.Supp. 232, 237–38 (D.Del.1991); *see also* Letter from Laureen J. France, Research Analyst, Federal Trade Commission, to Michael A. Kent, Strang, Fletcher, Carriger, Walker, Hodge & Smith (December 10, 1986); Letter from Rachelle V. Browne, Attorney, Federal Trade Commission, to Kevin W. Luby, Attorney, Niehaus, Hanna, Murphy, Green, Osaka & Dunn (December 5, 1986). The cases generally distinguish *Swanson* and its progeny on the facts. *See, e.g., Smith,* 770 F.Supp. at 238. *Smith v. Financial Collection Agencies,* 770 F.Supp. 232 (D.Del.1991), which was not cited by defendant, contains the most persuasive reasoning for not applying the overshadowing and contradicting factor in determining whether a validation notice does not meet the requirements of § 1692g. In *Smith,* the court noted that the Act itself was inherently contradictory, that a debt collector can inform a consumer of his rights and demand immediate payment, and that Congress did not intend for the Act to impose unnecessary restrictions on ethical debt collectors. *Smith,* 770 F.Supp. at 237.

While there is some appeal to the reasoning in *Smith,* absent any authority from the Seventh Circuit, the clear weight of authority and persuasiveness stands behind the rationale of *Swanson* and its progeny. This court declines to follow *Smith* for the following reasons: first, *Smith* failed to give the proper deference to the circuit court opinion in *Swanson* as required; second, both the Third and Fourth Circuits have since applied the overshadowing and contradicting factor in their analyses; and third, most importantly, *Smith* failed to mention the least sophisticated consumer in analyzing the validation notice.

Viewing defendant's letter in light of the least sophisticated consumer, the

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof,

is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

letter violates § 1692g(a) because the body of the letter contradicts and overshadows the validation notice. The letter demands that the balance due be paid immediately and that possible legal action would result if the balance due was not paid within 10 days despite the 30 day validation requirement. *See Graziano*, 950 F.2d at 111; *Miller*, 943 F.2d at 484; *Masuda*, 759 F.Supp. at 1463; *contra Smith*, 770 F.Supp. at 237; *Higgins*, 762 F.Supp. at 1135. Although the letter is not as threatening visually as some described in cases finding violations of § 1692g(a), *see, e.g., Miller*, 943 F.2d at 483, defendant's letter appears on law firm stationery and states that it may be necessary to file a lawsuit at any time after 10 days, and that a lawsuit could obligate plaintiffs to pay for court costs and miss time from work. The least sophisticated consumer reading defendant's letter would not effectively receive the validation notice in standard size print based on the information which contradicts the notice contained in the body of the letter which was in capital letters.

Therefore, plaintiffs' motion for partial summary judgment as to liability is granted as to the first claim in the complaint.

Because plaintiffs' complaint was not frivolous, defendant's motion for sanctions pursuant to F.R.C.P. 11 is denied.

### Conclusion

For the above mentioned reasons, defendant's motion for summary judgment is granted as to plaintiffs' "alternate cause of action." Defendant's motion for summary judgment as to the remainder of the complaint is denied. Plaintiffs' motion for partial summary judgment as to liability on the first claim is granted. Defendant's motion for sanctions is denied.