**Robert E. BURNS, Plaintiff,**

v.

**ACCELERATED BUREAU OF COLLECTIONS OF VIRGINIA, INC.,
Defendant.**

**Civ. A. No. 92–CV–40570–FL.**

United States District Court,
E.D. Michigan, S.D.,
at Flint.

July 12, 1993.

Mary Grace McCarter UAW–GM Legal Services Plan, Flint, MI, for plaintiff.

Gregory L. Curtner, Frederick A. Acomb, Miller, Canfield, Paddock and Stone, Detroit, MI, for defendant.

### MEMORANDUM OPINION AND ORDER

NEWBLATT, District Judge.

Before the Court is defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for plaintiff's failure to state a claim upon which relief can be granted (Docket Entry # 6). Plaintiff filed an answer to defendant's motion to dismiss, and subsequently defendant filed a reply brief in support of the motion. For the reasons set forth below, defendant's motion is GRANTED.

Plaintiff Robert E. Burns incurred an outstanding debt of $3,547.46 to Chase Manhattan Bank ("Chase"). When he became delinquent in the payment of his debt, Chase submitted the debt to defendant Accelerated Bureau of Collections of Virginia, Inc. ("ABC") for collection. ABC sent Mr. Burns a letter requesting that he pay the debt. That letter is the subject of this lawsuit. Mr. Burns contends that the letter sent to him by ABC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Michigan Collection Practices Act, M.C.L. § 339.901, et seq. ("MCPA"). The letter included both a request for payment and a validation notice required by both statutes. The language of the letter that requests payment, and that the plaintiff claims violated the FDCPA and MCPA, reads:

THE ABOVE ACCOUNT HAS BEEN LISTED WITH THIS AGENCY FOR IMMEDIATE COLLECTION. TIME IS OF THE ESSENCE. THEREFORE IT IS IMPORTANT THAT PAYMENT IN FULL FOR $3547.46 BE MADE TODAY.

*See* Copy of Letter Attached to this Opinion; Exhibit A, Reply Brief in Support of Defendant's Motion to Dismiss.

Mr. Burns' sole claim is that the words used in this request for payment "overshadowed" the validation notice required by 15 U.S.C. § 1692g(a) and M.C.L. § 339.918(1). Section 1692g(a) of the FDCPA provides in relevant part that:

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

\*   \*   \*   \*   \*   \*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion there-of, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The letter sent to plaintiff contains a validation notice that complies with the requirements of this statute. The question before the Court is whether the above-quoted request for payment language 'overshadows' or 'stands in threatening contradiction' to the validation notice, thus rendering the notice ineffective. *Swanson v. Southern Oregon Credit Service, Inc.,* 869 F.2d 1222, 1225, 1226 (9th Cir.1988). If the letters are not "large enough to be easily read and sufficiently prominent to be noticed—even by the least sophisticated debtor," then the collector has not complied with the FDCPA or the MCPA. 869 F.2d at 1225.

The Court finds that the letter at issue in this case has effectively communicated the debtor's rights as required by the statutes. The request for payment is in the first paragraph of the letter which is immediately followed by two paragraphs of slightly smaller type, fully discussing the debtor's right to dispute the debt. These two paragraphs are in type that is easily readable, and since they are in the body of the letter immediately following the request they can not be overlooked. There is no attempt to deprive the debtor of his rights. Thus, the request for payment does not 'overshadow' or 'stand in threatening contradiction' to the validation notice following it and there is no violation of either 15 U.S.C. § 1692g or M.C.L. § 339.918(1).

Plaintiff cites *Swanson v. Southern Oregon Credit Services, Inc.*, 869 F.2d 1222 (9th Cir. 1988), *Miller v. Payco–General American Credit, Inc.*, 943 F.2d 482 (9th Cir.1991), and *Graziano v. Harrison*, 950 F.2d 107 (9th Cir.1991) in support of his argument that the inclusion of the validation notice was 'overshadowed' by the demand for payment language. In each of these cases the court held that the collectors' validation notice in compliance with the statute was overshadowed and contradicted by the demand for payment, thereby preventing effective communication of the notice. Each of these cases is distinguishable from the case before the Court today.

In *Swanson*, the Ninth Circuit held that the form used by the collector "[represented] an attempt 'on the part of the collection agency to evade the spirit of the notice statute and mislead the debtor into disregarding the [required debt validation] notice.'" 869 F.2d at 1226, (quoting *Ost v. Collection Bureau, Inc.*, 493 F.Supp. 701, 703 (D.N.D. 1980)). The court concluded that the language used to demand payment directly conflicted with the statutory provisions. The demand for payment in *Swanson* stated in large, bold faced type the following language:

IF THIS ACCOUNT IS PAID WITHIN THE NEXT 10 DAYS IT WILL NOT BE RECORDED IN OUR MASTER FILE AS AN UNPAID COLLECTION ITEM.

A GOOD CREDIT RATING–IS YOUR MOST VALUABLE ASSET.

*Swanson*, 869 F.2d at 1225. The information required by the statute was included beneath this language in smaller type. However, the court held that the demand language would cause the average person to believe that "he must ignore his right to take thirty days to verify his debt and act immediately or he will be remembered as a deadbeat in the 'master file' of his local collection agency and will, accordingly, lose his 'most valuable asset,' his good credit rating." *Swanson*, 869 F.2d at 1226. The court found that not only was the language used in the letter "misleading in both form and content," 869 F.2d at 1225, but "[m]ore importantly, the substance of the language stands in threatening contradiction to the text of the debt validation notice." 869 F.2d at 1226.

The request for payment in the letter in this case contains no time limit as does the language in *Swanson*. It merely states that "time is of the essence" and that it is important that payment be made "today". There is no direct conflict with the thirty day time period allowed by the statute. The letter simply communicates to the debtor that ABC is interested in collecting the debt in a timely fashion. The language of the letter in this case is far different from the language in *Swanson* where the debtor is threatened with the ominous master file and a bad credit history. The letter states that it is important for the plaintiff to pay "today", but this would in no way mislead even the least sophisticated debtor as to his rights. The collection agency wants to encourage debtors to pay promptly; it is important to their business that they receive payment as soon as possible. No threat is involved here as there was in *Swanson*. In the letter, ABC is merely stressing the importance of prompt payment to their business.

In *Miller v. Payco–General American Credits, Inc.*, 943 F.2d at 483 the court held that "the collection agency did not effectively convey certain statutorily required information to the consumer." The *Miller* court described the form sent by the collector to the debtor as follows:

Across the top of the one page form is the title, "DEMAND FOR PAYMENT," in large, red, boldface type. After the title follows information as to the creditor, the amount owed, and Payco's address. In the middle of the page, again in large, red, boldface type, is the statement, "THIS IS A DEMAND FOR IMMEDIATE FULL PAYMENT OF YOUR DEBT." That statement is followed by these sentences in black boldface type: YOUR SERIOUSLY PAST DUE ACCOUNT HAS BEEN GIVEN TO US FOR IMMEDIATE ACTION. YOU HAVE HAD AMPLE TIME TO PAY YOUR DEBT, BUT YOU HAVE NOT. IF THERE IS A VALID REASON, PHONE US AT [telephone number] TODAY. IF NOT, PAY US—NOW. The bottom third of the document is almost completely filled by the single word, "NOW," in white letters nearly two inches tall against a red background.

At the very bottom of the page, in the smallest type to appear on the form (letters one-eighth of an inch high), is the statement, "NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION." The notice is printed in white against a red background. On the reverse of the document are four paragraphs printed in gray ink. The last three paragraphs contain the validation notice-that is, statements required by the Fair Debt Collection Practices Act (FDCPA) that inform the consumer how to obtain verification of the debt.

943 F.2d at 483. The form used in *Miller* commands the debtor to pay the collector now or to telephone the agency and give a "valid reason" for not paying. This information directly conflicts with the information provided by the FDCPA. The FDCPA gives the debtor thirty days in which to notify the collector in writing that they are disputing the debt. 15 U.S.C. § 1692g(a)(4). In addi-

tion, the court held that "[s]creaming headlines, bright colors and huge lettering 'all point to a deliberate policy on the part of the collector to evade the spirit of the notice statute, and mislead the debtor into disregarding the notice.'" 943 F.2d at 484, (quoting *Ost v. Collection Bureau, Inc.,* 493 F.Supp. at 703).

The letter before the court today is dramatically different from the letter described in *Miller.* While the request for payment language is in slightly larger and bolder print, the language required by the statute is directly beneath. In addition, the letter does not contain any information that directly conflicts with the information required by the statute. There is no attempt on the part of the collector to mislead the debtor or to deprive him of his statutory rights. *See* Copy of Letter Attached to this Opinion.

The final case cited by plaintiff, *Graziano v. Harrison,* 950 F.2d 107, is easily distinguished on its facts. The court found that the collector violated 15 U.S.C. § 1692g by demanding payment within ten days and threatening legal action if it did not occur. These statements did 'overshadow' and 'stand in threatening contradiction' to the required validation notice. In comparison, the letter requesting payment in this case uses much milder language. It does not mislead the debtor or give inaccurate information and therefore does not violate the FDCPA or MCPA.

In conclusion, the court finds that the request for payment in the letter from defendant to plaintiff did not 'overshadow' or 'stand in threatening contradiction' to the validation notice required by 15 U.S.C. § 1692g that was also included in the letter. Therefore, defendant's motion to dismiss is GRANTED and this case is DISMISSED.

SO ORDERED.

## EXHIBIT A

A Collection Agency

A ...erated Bureau of Collections    Virginia, Inc.
4405 Cox Road, Suite 210
Glen Allen, VA 23060
(804) 270-0510

03/20/82

92071812477118
ROBERT BURNS      485
2518 PROSPECT ST
FLINT MI   48504-3387

Regarding your account with : **CHASE MANHATTAN**
Account Number: 4226592700592          Current Balance: $3547.46

**THE ABOVE ACCOUNT HAS BEEN LISTED WITH THIS AGENCY FOR IMMEDIATE COLLECTION. TIME IS OF THE ESSENCE. THEREFORE IT IS IMPORTANT THAT PAYMENT IN FULL FOR $   3547.46   BE MADE TODAY. SHOULD YOU HAVE ANY QUESTIONS REGARDING YOUR ACCOUNT, CALL (804) 270-0510.**

IF YOU NOTIFY US IN WRITING THAT YOU WISH TO CEASE TELEPHONE COMMUNICATIONS WITH YOU AT YOUR PLACE OF EMPLOYMENT, WE WILL NOT USE THE TELEPHONE TO CONTACT YOU AT YOUR PLACE OF EMPLOYMENT. AND IF YOU NOTIFY US IN WRITING THAT YOU REFUSE TO PAY THIS DEBT, OR THAT YOU WANT A CESSATION OF COMMUNICATION, THEN WE MAY NOTIFY YOU OF OUR INTENDED ACTION, AND THE SPECIFIED REMEDIES THAT ARE ORDINARILY INVOKED, AND WHERE APPLICABLE, WE MAY NOTIFY YOU THAT WE INTEND TO INVOKE A SPECIFIC REMEDY PERMITTED BY LAW.

THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. UNLESS YOU NOTIFY THIS OFFICE WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE THAT YOU DISPUTE THE VALIDITY OF THE DEBT, OR ANY PORTION THEREOF. THIS OFFICE WILL ASSUME THIS DEBT IS VALID. IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL OBTAIN VERIFICATION OF THE DEBT, OR OBTAIN A COPY OF THE JUDGEMENT, IF ONE EXISTS, AND MAIL YOU A COPY OF SUCH JUDGEMENT, OR VERIFICATION. IF YOU REQUEST THIS OFFICE IN WRITING WITHIN 30 DAYS AFTER RECEIVING THIS NOTICE, THIS OFFICE WILL PROVIDE YOU WITH THE NAME, AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR.

A Quincey

-----------------------------------------------------------------

**RETURN THIS PORTION FOR PROPER CREDIT!!**
Pay this amount:          3547.46

Please check your payment method:

___ Check  ___ VISA ___ Mastercard

___ Diner's Club  ___ Carte Blanche

CHASE MANHATTAN
92071812477118
ROBERT BURNS
2518 PROSPECT ST
FLINT, MI  48504-3387

For Credit Card Payments

___ Please make address corrections on the back of this coupen and check here.

Signature _____

Card Number _____

Expiration Date _____ Amount $_____

Daytime Phone: _____   Evening Phone:_____
92071812477118