**Nancy E. RHOADES, Plaintiff,**

v.

**WEST VIRGINIA CREDIT BUREAU REPORTING SERVICES, INC., et al., Defendants.**

**No. Civ.A. 2:96–1972.**

United States District Court,
S.D. West Virginia,
Charleston Division.

May 10, 2000.

---

Daniel F. Hedges, Charleston, WV, William W. Pepper, Pepper & Nason, Charleston, WV, for plaintiff.

Michele Grinberg, Andrew B. Cooke, Flaherty, Sensabaugh & Bonasso, Charleston, WV, for defendant.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are the parties' cross-motions for summary judgment. After Defendants[1] filed their motion for summary judgment, Plaintiff responded and also moved for summary judgment. For rea-

sons discussed below, both Plaintiff's and Defendants' motions are **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

This action was originally filed with class allegations in 1996. In 1997 it was transferred to Multidistrict Litigation, Docket No. 1150, for inclusion in consolidated pretrial proceedings in the Northern District of Illinois, pursuant to 28 U.S.C. § 1407. In June 1999 the action was remanded to this Court. By Order of March 31, 2000 the class allegations in Plaintiff's complaint were struck.

The facts underlying Plaintiff's complaint are simple. In November 1995 Defendant WVCB sent Plaintiff a collection letter demanding "immediate payment in full" of a $74.05 debt allegedly due MacCorkle Avenue Florists. (Compl., Ex. A.) Set off in the center of the notice was the injunction:

Pay the full amount today

or

Call us today

(*Id.*) In tiny type at the bottom of the collection letter was the following notice:

UNLESS YOU DISPUTE THE VALIDITY OF THE DEBT OR ANY PORTION THEREOF, WITHIN 30 DAYS AFTER RECEIPT OF THIS NOTICE, WE SHALL ASSUME THE DEBT TO BE VALID. IF YOU NOTIFY US IN WRITING OF YOUR DISPUTE WITHIN THIS 30-DAY PERIOD, WE WILL OBTAIN VERIFICATION OF THE DEBT AND WILL MAIL YOU A COPY. UPON YOUR WRITTEN REQUEST WITHIN THE 30-DAY PERIOD WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR, IF DIFFERENT FROM THE CURRENT CREDITOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

(*Id.*) The complaint alleges violations of 15 U.S.C. § 1692g, which requires a notice to consumers that they have a right to validate any debt sought to be collected by a debt collector (Count II), and *West Virginia Code* § 46A–2–124(f), making illegal any threat to take action prohibited by federal statute (Count I).

Defendants moved for summary judgment arguing, because Rhoades' debt was uncontestedly due and owing, her federal claim must fail as a matter of law and, therefore, the derivative state claim also must be denied. Additionally, Defendants argue the West Virginia Consumer Credit and Protection Act (WVCCPA), W.Va. Code §§ 46A–1–101 *et seq.*, does not apply to Plaintiff's claim. Finally, Defendants propose there is a question of fact as to whether Plaintiff's debt was primarily for personal, family, or household purposes. Plaintiff also moves for summary judgment, claiming there are no genuine issues of material fact and she is entitled to judgment as a matter of law.

## II. DISCUSSION

### A. Summary Judgment Standard

Our Court of Appeals has often stated the settled standard and shifting burdens

---

**1.** Defendants are West Virginia Credit Bureau Reporting Services d/b/a West Virginia Credit Bureau (WVCB) and CBC Companies, Inc., the parent company and sole shareholder of WVCB. (Compl.¶¶ 4(a), (b).)

governing the disposition of a motion for summary judgment:

Rule 56(c) requires that the district court enter judgment against a party who, 'after adequate time for ... discovery fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.' To prevail on a motion for summary judgment, the [movant] must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) it is entitled to judgment as a matter of law. In determining whether a genuine issue of material fact has been raised, we must construe all inferences in favor of the [nonmovant]. If, however, "the evidence is so one-sided that one party must prevail as a matter of law," we must affirm the grant of summary judgment in that party's favor. The [nonmovant] "cannot create a genuine issue of fact through mere speculation or the building of one inference upon another." To survive [the motion], the [nonmovant] may not rest on [his] pleadings, but must demonstrate that specific, material facts exist that give rise to a genuine issue. As the *Anderson* Court explained, the "mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff[:]"

*Harleysville Mut. Ins. Co. v. Packer*, 60 F.3d 1116, 1119–20 (4th Cir.1995) (citations omitted); *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994), *cert. denied*, 513 U.S. 813, 115 S.Ct. 67, 68, 130 L.Ed.2d 24 (1994); *see also Cabro Foods, Inc. v. Wells Fargo Armored Serv. Corp.*, 962 F.Supp. 75, 77 (S.D.W.Va.1997); *Spradling v. Blackburn*, 919 F.Supp. 969, 974 (S.D.W.Va.1996).

"At bottom, the district court must determine whether the party opposing the motion for summary judgment has presented genuinely disputed facts which remain to be tried. If not, the district court may resolve the legal questions between the parties as a matter of law and enter judgment accordingly." *Thompson Ever-*

*ett, Inc. v. National Cable Adver., L.P.* 57 F.3d 1317, 1323 (4th Cir.1995). It is through this analytical prism the Court evaluates the parties' motions.

### B. Overshadowing

■ Under Section 1692g of the Federal Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq.*, debt collectors must inform consumers of (1) the amount of the debt; (2) the name of the creditor; (3) a statement that unless the consumer, within thirty days of receipt of the notice, disputes the validity of the debt, the debt will be assumed to be valid; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of either document will be mailed to the consumer; and (5) a statement that, if the consumer requests in writing within the thirty-day period, the debt collector will provide the name and address of the original creditor, if different from the current creditor. *See* 15 U.S.C. § 1692g(a)(1)–(5).

■ Mere inclusion of the language of the validation notice is insufficient to meet the statutory mandate. *See Miller v. Payco–Gen. Am. Credits, Inc.*, 943 F.2d 482, 484 (4th Cir.1991) (citing *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1225 (9th Cir.1988)). "[T]he notice Congress required must be conveyed effectively to the debtor." *Id.* An adequate validation notice must be readable easily, prominent enough to be noticed by an unsophisticated consumer, and must not be overshadowed or contradicted by other messages. *See United States v. National Fin. Serv., Inc.*, 98 F.3d 131, 139 (4th Cir.1996). The standard is a stringent one. *See Talbott v. GC Serv. Ltd. Partnership*, 53 F.Supp.2d 846 (W.D.Va. 1999) (collecting and reviewing Fourth Circuit cases). The analysis is not governed by an objective or logical inquiry by the relatively sophisticated judicial mind, rath-

er a question as to whether the least sophisticated consumer would find the language contradictory or inconsistent, so to leave him confused about his right to dispute the debt. *See id.* at 852.

Several aspects of the notice Rhoades received are classics of debtor confusion tactics previously recognized and condemned in this circuit. Rhoades' notice demands "immediate payment," "Pay the full amount today," and "Call us today." In *Miller v. Payco,* the court held a collection letter demanding "immediate full payment," "phone us today," and "pay us— now" overshadowed the validation notice on the back of the form. Consumer confusion could easily result between "commands to respond 'immediately,' 'now,' and 'today,' and the thirty day response time contemplated by the statute." *Miller,* 943 F.2d at 484; *see also National Financial Serv., Inc.,* 98 F.3d at 139 (finding "immediate payment" overshadows validation notice); *Morgan v. Credit Adjustment Bd.,* 999 F.Supp. 803, 807 (E.D.Va.1998) (observing demand for "immediate attention" and direction to contact the office within seven days could confuse the least sophisticated consumer).

The command to telephone, "phone us today," is also liable to confuse an unsophisticated—or even a somewhat sophisticated—consumer. As the court explained in *Miller,*

> A consumer who wished to obtain validation of his debt could lose his rights under the statute if he followed the commands to telephone. Section 1692g guarantees that validation will be sent and collection activities will cease only when the consumer disputes the debt in writing. If a consumer attempted to exercise his statutory rights by making the requested telephone call, [the debt collector] would be under no obligation to comply with section 1692g's directives

to verify the debt and cease collection efforts.

*Miller,* 943 F.2d at 484. While the *Miller* notice explicitly said, "If you dispute this debt, call today," the WVCB notice requesting that a consumer call is similarly confusing. Rhoades' notice says in large type: Pay or Call. WRITE WITHIN THIRTY DAYS is only a tiny-type option.

Defendants argue all required statutory language is presented on the face of their collection notice. It is also true that the statute does not prescribe a "particular format, type size, location or conspicuous position for the validation notice[.]" *Id.* The Court's role is not to propound such a rule, but to examine whether a given notice comports with the statute. Here, the required language is all present—in the small print, the tiny, albeit not "teeny"— tiny type. Consistent with circuit precedent, the Court finds and concludes WVCB's large-type message to pay in full immediately, today, or call today overshadows and contradicts the tiny-type rendering of the validation notice.

## C. Debtor's Right to a Validation Notice

■ Next, Defendants argue the FDCPA validation notice requirement covers only claims that are contested or reasonably contestable, and Nancy Rhoades' debt was due and owing.[2]

In support of Defendants' ostensible FDCPA rule (no notice required when debt is due), they offer the following passage:

> An unelaborated demand that the debt be paid "immediately" . . . or by a threat of immediate suit, violates the Act by implying that the debtor does not have 30 days to ask for verification—or at least could convey this message to an

**2.** Plaintiff admits in answers to interrogatories that the debt to MacCorkle Avenue Florists was due and owing when she received the collection notice. (Mem. of Law in Supp. of Defs.' Mot. for Summ.J. on Count II (Defs.Mem.Ct.II), Ex. A.) In her deposition

testimony, however, Plaintiff says she was initially confused about what the debt was for, whether the amount was correct, and whether it had already been paid. (Mem. of Law in Supp. of Defs.' Mot. for Summ.J. on Count I (Defs.' Mem.Ct. I), Ex. A at 77–8.)

unsophisticated consumer, the kind to whom the Act is addressed . . . unless accompanied by additional reconciling language, such as that payment is due "immediately" only when the debt is uncontested. *For the Act's notice-and-verification requirement covers only those claims that are contested or reasonably contestable; bona fide debts that are overdue are, well, overdue, and payable pronto.*

*Johnson v. Revenue Management Corp.,* 169 F.3d 1057 (7th Cir.1999) (emphasis added). Defendants construct an argument, which they propose as a "sound reasoning" basis for the "*Johnson* decision": that a person "cannot be confused about whether to dispute in writing or within 30 days if there is no dispute about the debt." (Defs.' Mem.Ct. I at 2.)

If taken as a holding and a rule, however, this offhand bit of dicta in *Johnson* would undermine the very purpose of the FDCPA: "to eliminate abusive debt collection practices." 15 U.S.C. § 1692(a). Congress included the debt validation provisions to guarantee consumers would receive adequate notice of their legal rights. *See* S.Rep. No. 95–382, at 4, 8 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1694, 1699, 1702. Nowhere did Congress say only consumers who are mistakenly contacted, or who never owed, or who already paid their debts should get adequate notice of their legal rights.[3]

Rhoades' situation was not at all unusual: apparently she thought she might owe the debt, or the amount might be wrong, or she might have paid it previously. The proper response to this common consumer plight is addressed by the validation notice. But even debtors who owe the bills being collected and who know they owe them and even those who intended not to pay at the very moment they charged the merchandise still must be given adequate notice of their right to validate the debt. The statute requires notice to all, although to some the notice may not apply.

3. By analogy, applying this principle in criminal law, only the innocent should be due

## D. FDCPA Consumer Debt

■ Finally, in their reply memorandum, Defendants raise a new problem, unmentioned previously: whether Plaintiff's debt was consumer "debt," as defined in the FDCPA, where the subjects of the debt-generating transaction are "primarily for personal, family, or household purposes." 15 U.S.C. § 1692a(5); *see also Mabe v. G.C. Servs. Ltd. Partnership,* 32 F.3d 86 (4th Cir.1994). Plaintiff's deposition testimony is unclear on this point. She acknowledges she had a commercial design company for which purchases were made at MacCorkle Avenue Florist, the debt may have been for a "cachet pot" or some live flowers, and that in either case the purchase may have been for resale in her business. (*See* Defs.' Reply Mem. in Supp. of Summ.J., Ex. A at 77–81.) Plaintiff further testified the cachet pot and flowers went into her house, but did not address the question of whether they were purchased for resale. (*See id.* at 161–62.)

Although Defendants' debt collection notice violates the FDCPA validation notice requirement, the genuine issue of material fact as to whether Plaintiff's debt was a "consumer debt" precludes summary judgment for Plaintiff on her FDCPA claim. Accordingly, both parties' summary judgment motions on Count II are **DENIED.**

## E. Count I: State Law Claim

■ Pursuant to the WVCCPA, no debt collector shall collect or attempt to collect any debt by means of any threat, including the "threat to take any action prohibited by this chapter or other law regulating the debt collector's conduct." W.Va.Code § 46A–2–124(f) (1999). Defendants propose the WVCCPA only applies to revolving charge accounts, citing *West Virginia Code* § 46A–1–104. Rhoades' account at MacCorkle Avenue Florist was not a revolving account and, therefore, they argue the WVCCPA is inapplicable.

*Miranda* warnings and uncovering evidence of crime would validate any search.

Section 104 provides that Chapter 46A applies (1) if a West Virginia resident consumer is induced to enter certain credit transactions involving revolving charge accounts, where the goods, services proceeds are delivered in West Virginia and payment is made from this state or (2) to civil actions in West Virginia to collect on credit sales and loans consummated in another state. *See* W.Va.Code § 46A–1–104. Section 104 does not say, however, the WVCCPA ONLY applies to such transactions. As Plaintiff correctly points out, this section merely clarifies coverage of Chapter 46A for these two limited contacts, which might otherwise create choice-of-law issues. Defendants' narrow interpretation would wipe out almost all of the WVCCPA, except those relatively minor portions dealing with revolving charge accounts.

The debt collection statutes, §§ 46A–2–123 through 46A–2–129a, have a separate definition section, under which defined terms "shall" have the following meanings. *See* W.Va.Code § 46A–2–122. "Consumer" is defined as "any natural person obligated or allegedly obligated to pay *any debt.*" W.Va.Code § 46A–2–122(a) (emphasis added). "Any debt" clearly is not limited to revolving charge accounts. Defendants' proposal is without merit and their motion for summary judgment on Count I is **DENIED.**

 Plaintiff does not explain, however, where the illegal threat or implicit coercion is contained in the particular collection notice she received.[4] The Court's failure to apprehend a threat may be remedied by Plaintiff's explication at the trial of this matter. At present, questions of material fact remain. Plaintiff's motion for summary judgment on Count I is also **DENIED.**

---

4. "We will assume you do not intend to pay voluntarily" if we do not hear from you "within 72 hours," referenced by Plaintiff, *Chapman v. ACB Business Servs., Inc.,* No.

## III. CONCLUSION

Both parties' motions for summary judgment on Counts I and II are **DENIED.**

2:96–0490 at 7–8 (S.D.W.Va. Feb. 13, 1997), implies a threat to force involuntary payment. Plaintiff's notice did not contain such language.