Mervin **WITHERS**, Plaintiff,

v.

**H.R. EVELAND, d/b/a/ Imperial Company,** Defendant.

**Civil Action No. 3:97cv140.**

United States District Court,
E.D. Virginia,
Richmond Division.

Aug. 29, 1997.

Dale Wood Pittman, Petersburg, VA, for Mervin Withers.

H.R. Eveland, Tulsa, OK, pro se.

## MEMORANDUM

MERHIGE, District Judge.

This matter is before the Court on Plaintiff Mervin Withers' Motion For Summary Judgment pursuant to Federal Rule of Civil Procedure 56. Defendant H.R. Eveland has failed to respond to the motion. For the reasons which follow, the Court will GRANT the Motion For Summary Judgment.

### I.

Plaintiff Mervin Withers ("Withers") purchased residential cable television service for personal, family, or household purposes from Frontier Vision, a cable television service provider. Withers Aff. ¶¶ 4, 5. Defendant H.R. Eveland ("Eveland") is President of Imperial Company, a debt collection agency. Answer ¶ 5. By letter dated October 10, 1996, Eveland attempted to collect $40.14 from Withers on behalf of Frontier Vision. Answer ¶ 7. In full, the collection notice stated:

> [W]e have been retained by the above client to institute collection proceedings against you for the above past due amount. This letter constitutes a formal demand upon you for payment IN FULL WITHIN FIVE (5) DAYS. If you have not contacted our office nor made payment in full within five (5) days, we will be required to pursue all legal remedies available to our client.
>
> You should know, if this is taken to court, you may be held responsible for court costs and attorney fees in addition to the account total above.
>
> The choice is yours.
>
> Unless you dispute the validity of this debt, or any portion thereof, within thirty days of receipt of this letter, we will assume that the credit is valid. If you notify us in writing within the thirty day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. We will also provide you with the name and address of the original creditor, if different from the current creditor, upon your written request within the thirty day period.

Pl.'s Ex. A.[1] To date, neither Eveland nor Frontier Vision has filed suit against Withers to collect the disputed debt. Withers' Aff. ¶ 6; Answer ¶ 10.

Based on this dunning letter, Withers asserts that Eveland has violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. Specifically, Withers claims that the letter's demand for payment within five days contradicted the debt validation language required by § 1692g, and that this contradiction constituted use of a misleading representation or deceptive

---

1. Defendant Eveland admits that the letter attached to Plaintiff Withers' Complaint as Exhibit A is a copy of the letter sent by Imperial Company. Answer ¶ 7.

means to collect a debt in violation of § 1692e(10). Withers also claims that Eveland's threat to take legal action was a threat to take action that could not be legally taken or that was not intended to be taken in violation of § 1692e(5). Based on the foregoing, Withers has moved for summary judgment, contending that there are no genuine issues of material fact. To date, Eveland has failed to respond. Accordingly, pursuant to Local Rule 56(B), the Court will deem the facts identified in Withers' motion as admitted.[2]

## II.

### A. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. Summary judgment is appropriate only when the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986); *Allstate Fin. Corp. v. Financorp, Inc.*, 934 F.2d 55, 58 (4th Cir. 1991). The moving party has the initial burden of establishing the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in the light most favorable to the party opposing the motion, and resolves all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2513; *Ballinger v. North Carolina Agricultural Extension Serv.*, 815 F.2d 1001, 1004 (4th Cir.1987).

Once the movant has met this burden, and a properly supported motion is before the Court, the non-moving party must set forth specific facts showing that there is a genuine

issue for trial in order to defeat the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Allstate*, 934 F.2d at 58. Summary judgment is proper if, based on the evidence, "a reasonable jury could [not] return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510; *Allstate*, 934 F.2d at 58.

### B. Standard For Analyzing FDCPA Claims

The FDCPA was enacted to protect consumers from abusive and deceptive debt collection practices, and to insure that non-abusive debt collectors would not be competitively disadvantaged. 15 U.S.C. § 1692(e). To establish a violation of the FDCPA, three requirements must be satisfied: (1) the plaintiff who has been the target of collection activity must be a "consumer" as defined in § 1692a(3); (2) the defendant collecting the debt must be a "debt collector" as defined in § 1692a(6); and (3) the defendant must have engaged in any act or omission in violation of the FDCPA. In evaluating alleged violations of the Act, the Fourth Circuit generally applies the objective "least sophisticated debtor" standard. *U.S. v. National Fin. Serv., Inc.*, 98 F.3d 131, 135–36 (4th Cir.1996). In adopting this standard, the Fourth Circuit stated:

> The basic purpose of the least-sophisticated-consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd. This standard is consistent with the norms that courts have traditionally applied in consumer-protection law.

*Id.* at 136 (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993) (citation omitted)). With these principles in mind, the Court will review Withers' Motion For Summary Judgment.

---

**2.** Local Rule 56(B) provides, in pertinent part:
 In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Local Rule 56(B). The Court is mindful that Defendant Eveland's failure to respond does not automatically entitle Plaintiff Withers to summary judgment. Instead, the failure to respond leaves uncontroverted those facts which are established by the motion. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 415–16 (4th Cir.1993).

## III.

### A. *15 U.S.C. §§ 1692e(5), (10)*

■ Withers' first argument in support of his Motion For Summary Judgment is that the collection notice sent by Eveland improperly threatened legal action in violation of 15 U.S.C. §§ 1692e(5) and (10). Section 1692e of the FDCPA establishes a broad ban on all false and misleading means of debt collection. Specifically, the statute prohibits:

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. §§ 1692e(5), (10). Thus, a collection notice violates § 1692e(5) if: (1) a debtor would reasonably believe that the notice threatens legal action; and (2) the debt collector does not intend to take legal action. *U.S. v. National Fin. Serv., Inc.*, 98 F.3d 131, 135 (4th Cir.1996).

■ In the instant case, there is no dispute of facts regarding the collection letter or its content.[3] The letter specifically stated that Eveland's debt collection agency had been "retained" by Frontier Vision "to institute collection proceedings against [Withers]." In addition, the letter indicated that if Withers failed to either contact Imperial Company or make payment in full, "all legal remedies" would be pursued. Under the standard adopted by the Fourth Circuit in analyzing FDCPA violations, an unsophisticated debtor would interpret such language to mean that immediate legal action would be taken for failure to pay the alleged debt. Although Eveland did not explicitly state that legal action would in fact be taken, the implication is clear. No reasonable juror could conclude that the collection letter was

not meant to frighten Withers into making full payment in order to avoid the prospect of a lawsuit. Thus, the Court will find that Withers reasonably interpreted the letter as threatening legal action if the debt was not paid by the payment deadline.

■ The Court will also find that there is no evidence that Eveland intended to take legal action at the time the collection notice was sent to Withers. Under Virginia law and the FDCPA, a non-lawyer cannot represent the interests of another before a tribunal or threaten to file suit to collect a debt owed to another. Va.Code § 54.1–3904;[4] 15 U.S.C. § 1692e(5). There is no indication in the record that Eveland is qualified or licensed to practice law. Thus, as a non-lawyer, Eveland could not legally file suit against Withers on behalf of Frontier Vision. By threatening to do so, Eveland "threat[ened] to take [] action that cannot legally be taken or that is not intended to be taken" and therefore, violated § 1692e(5).

■ In addition, by falsely threatening to take legal action, Eveland also violated § 1692e(10). Pursuant to that provision, debt collectors are prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt . . . ." § 1692e(10). Courts have consistently held that falsely representing that unpaid debts would be referred to an attorney for immediate legal action is a deceptive practice. *National Fin. Serv.*, 98 F.3d at 138 (citing *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir.1985)). Similarly, falsely representing that a debt collection agency has the authority to file suit on behalf of a client would also constitute a deceptive practice. As the Fourth Circuit stated, "[it] may unjustifiably frighten an unsophisticated consumer into paying a debt that he or she does not owe." *Id.* (citation omitted).

Based on the foregoing, the Court concludes that there is no genuine issue as to

---

3. In his answer, Defendant Eveland admits that "the alleged letter [] speaks for itself." Answer ¶ 9.

4. Virginia Code § 54.1–3904 provides:
 Any person who practices law without being authorized or licensed shall be guilty of a Class

1 misdemeanor. A collection agency may refer debts to an attorney for collection with the creditor's approval of the referral and the fee arrangement and shall not be deemed to be engaged in the unauthorized practice of law. Va.Code Ann. § 54.1–3904 (Michie 1994).

whether Eveland improperly threatened legal action in violation of §§ 1692e(5) and (10). Accordingly, the Court shall grant Withers' Motion For Summary Judgment with respect to this claim.

### B. *15 U.S.C. § 1692g*

 Withers also maintains that the collection letter's demand for payment within five days contradicted the debt validation language required by 15 U.S.C. § 1692g. Section 1692g of the FDCPA requires a debt collector to provide, in its initial communication with a consumer or within five days of its initial communication, a written debt validation notice informing the consumer of his/her right to dispute the validity of the debt. The statute specifically requires the written notice to include:

> a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof [in writing], the debt will be assumed to be valid by the debt collector.

15 U.S.C. § 1692g(a)(3). To be adequate, the "validation notice" must be prominent and placed in such a way as to be noticed by the unsophisticated consumer. *U.S. v. National Fin. Serv.*, 98 F.3d 131, 139 (4th Cir.1996); *Miller v. Payco–General Am. Credits, Inc. .*, 943 F.2d 482, 484 (4th Cir.1991) ("[A] debt collector does not comply with § 1692g merely by inclusion of the required debt validation notice; the notice Congress required must be conveyed effectively to the debtor.") (citation and quotation omitted). In addition, the notice must not be overshadowed or contradicted by other messages or notices appearing in the collection letter. *Miller*, 943 F.2d at 484.

 In the instant case, the Court finds that statements contained in the collection letter at issue contradicted the statutorily required validation notice. Specifically, the Court will find that the letter's demand for "payment IN FULL WITHIN FIVE (5) DAYS" directly conflicts with the thirty days allowed in the validation notice itself. In addition, the collection letter instructed Withers to either "contact" the debt collection agency or make payment in full. There is no indication anywhere in the letter wheth-

er such "contact" must be in writing or by telephone. Pursuant to § 1692g, however, if a consumer contests a debt by telephone rather than in writing, the consumer will inadvertently lose the protections for debtors set forth in the FDCPA; the debt collection agency would be under no obligation to verify the debt and cease all collection efforts as required by § 1692g(b).

Given such contradictory and ambiguous language, an unsophisticated debtor could be easily confused about the response time and forego the protections afforded by the statute. On these facts, the Court will find that the collection letter sent by Eveland failed to effectively convey the validation notice to Withers. Because it is clear that the collection notice contradicted and obscured the statutory requirements, the Court concludes that Withers is entitled to summary judgment with respect to this claim as well.

### C. *Civil Penalties*

 Pursuant to 15 U.S.C. § 1692k, a plaintiff who successfully brings a FDCPA action is entitled to an award of actual and statutory damages as well as costs and reasonable attorney's fees. § 1692k(a). Setting the amount of statutory damages is generally left to the discretion of the court, but the FDCPA does provide several factors to be considered in making the determination. § 1692k(b). Specifically, the court is required to consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." § 1692k(b)(1). A debt collector can only avoid civil liability if he/she can prove by a preponderance of the evidence that "the violation was not intentional and resulted from a bona fide error ...." § 1692k(c).

 In the instant case, the record lacks any information with respect to the frequency and persistence of Eveland's noncompliance with the FDCPA. The Court, however, does not believe that Eveland unintentionally and/or unknowingly used language that violated the FDCPA. On the contrary, Eveland has acknowledged that he was aware of the

relevant FDCPA provision when he sent the collection notice to Withers. Specifically, Eveland has stated that "Imperial Company ... act[ed] within the spirit of the law as required by 15 U.S.C. § 1692e(5)." Answer ¶ 16. To comply with the FDCPA, however, Eveland was required to do more than follow "the spirit of the law." Because he failed to do so, Eveland is subject to a civil penalty in an amount that will deter him from engaging in future improper collection practices. The Court will therefore award Withers statutory damages in the amount of $1,000.00 in addition to the costs incurred in pursuing this matter, including reasonable attorneys' fees.

An appropriate Order shall enter.