**Denita J. WALLACE**

v.

**CAPITAL ONE BANK, et al.**

**No. CIV. JFM–00–2290.**

United States District Court, D. Maryland.

April 6, 2001.

O. Randolph Bragg, Horwitz, Horwitz & Associates, Chicago, IL, Edwin R. Burkhardt, Law Office, Towson, MD, for Plaintiff.

Kenneth W. Irvin, Morrison & Foerster, Washington, DC, Amy B. Lovell, Gregory P. Dresser, James F. McCabe, Morrison and Foerster, LLP, San Francisco, CA, for Defendants.

MEMORANDUM

MOTZ, Chief Judge.

Denita J. Wallace has brought this class action under the Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692*o*, against Capital One Bank,

Capital One Financial Corp., and the Westmoreland Agency. Defendants have moved to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6). The motion will be granted.[1]

## I.

Wallace defaulted on a debt she owed. Capital One Bank purchased the debt, and it was assigned to the Westmoreland Agency ("Westmoreland") for collection. Capital One Financial is a holding corporation that owns Capital One Bank and Westmoreland.

In accordance with the mandate of 15 U.S.C. § 1692g, Westmoreland sent to Wallace two collection letters containing debt validation notices. The substance of both letters was the same. They read in pertinent part:

> Capital One Bank—one of the nation's leading credit issuers—recently purchased your charged-off account from the creditor referenced above. So we'd like to welcome you as a new customer! This debt will be serviced by The Westmoreland Agency, a wholly owned subsidiary of Capital One Services, Inc.

> We're very excited about the opportunity to help you build a solid credit foundation.... We'll assume the debt is valid unless you dispute all or part of it in writing within thirty (30) days after receipt of this notice. If you notify us in writing within the thirty (30)—day period that all or part of the debt is disputed, we will mail a copy of verification of the debt to you. We will also provide you with the name and address of the original creditor of this debt if we re-

ceived your written request within the thirty (30)—day period.

> If you have any questions or need to talk about your account, please call the Westmoreland Agency, which will be servicing your account, at 1–888–298–2919 between the hours of 8 a.m. and 8 p.m., Monday through Friday, and between 10 a.m. and 3 p.m., Saturday (ET). The Customer Relations specialists will be glad to assist you in any way that they can to help you begin rebuilding your credit.... Or, if you prefer, you may direct your inquiries in writing to The Westmoreland Agency P.O. Box 85522 Richmond, VA 23285–5522.

The statute of limitations has run on Wallace's debt. In light of that fact, Wallace argues that the letters sent to her by Westmoreland violated the FDCPA in various respects.

## II.

■ 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or meanings in connection with the collection of a debt." Section 1692e(2)(A) further provides that "[t]he false representation of the character, amount, or legal status of any debt" is a violation of the FDCPA. These provisions have been interpreted to prohibit a debt collector from threatening to sue on a debt that it knows to be barred by limitations. *Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480, 1488–90 (M.D.Ala.1987).

■ *Kimber* is distinguishable from the present case in that the letters sent by Capital One Bank to Wallace did not threaten collection action. On similar

---

1. Capital One Financial Corp. has also filed a motion to dismiss for lack of personal jurisdiction. I need not decide that motion since I am granting Capital One Financial's Rule 12(b)(6) motion. I also need not address an additional argument made by Capital One Financial in its Rule 12(b)(6) motion—not made by the other defendants—that it is not a "debt collector" within the meaning of the FDCPA.

facts other courts have found there to be no violation of the FDCPA. *See Aronson v. Commercial Fin. Serv., Inc.,* 1997 WL 1038818, at *2 (W.D.Pa.), *aff'd without opinion,* 162 F.3d 1150 (3d Cir.1998); *Shorty v. Capital One Bank,* 90 F.Supp.2d 1330, 1331–33 (D.N.M.2000); *Johnson v. Capital One Bank,* 2000 WL 1279661, at *1–3 (W.D.Tex.2000). *But cf. Stepney v. Outsourcing Solutions, Inc.,* 1997 WL 722972 (N.D.Ill.1997). These cases proceed from the premise that where (as in Maryland, *see Jenkins v. Karlton,* 329 Md. 510, 620 A.2d 894, 904 (1993)) a limitations statute does not extinguish the debt but only provides a defense against its collection, a debt collector may seek voluntary payment of a time-barred debt. *Shorty,* 90 F.Supp.2d at 1332. Indeed, *Kimber* itself recognizes this to be true. 668 F.Supp. at 1489. Therefore, further contact between a debt collector and a debtor about a time-barred bad debt is not necessarily an affirmative representation that the debt collector can sue on the debt. *Shorty,* 90 F.Supp.2d at 1332; *Aronson,* 1997 WL 1038818, at *3.

Wallace contends that whether the debt validation notices threaten collection efforts is immaterial. According to Wallace, Capital One Bank's purpose in not disclosing the fact that enforcement of the debt is time-barred is to induce the debtor to make a partial payment or acknowledge the existence of the debt. Such actions by the debtor would have the effect of reviving the debt. *See, e.g., Jenkins,* 620 A.2d at 904; *United States v. Culver,* 958 F.2d 39, 41 (4th Cir.1992). Wallace correctly points out that a debt collector's conduct is to be measured under the FDCPA by a "least sophisticated consumer" standard. *See United States v. Nat'l Fin. Serv., Inc.,* 98 F.3d 131, 135–36 (4th Cir.1996). Thus, Wallace argues, in order to prevent a debt validation notice from being misleading or deceptive, it must affirmatively disclose that enforcement of the debt referenced in the notice is time-barred unless it is revived by partial payment or acknowledgment.

Wallace's contention that it is violative of § 1692e for a collector to trick an unsophisticated debtor into reviving her debt and thus changing her legal position may very well be meritorious. In that event, if a debt validation notice that is silent on the issue of the time-barred nature of the debt is utilized as the catalyst to prompt the debtor's response resulting in the revival, the notice would constitute part of a course of collection conduct that was deceptive. This does not mean, however, that the sending of a debt validation notice that does not disclose that enforcement of the debt is time-barred and that any partial payment or acknowledgment would result in its revival is itself violative of § 1692e. As held in *Shorty* and *Aronson,* such a letter in and of itself is consistent with seeking nothing more than a voluntary payment.

Wallace alleges only that she received the debt validation notices from Capital One Bank. She does not allege that she was induced to make a partial payment of her debt or acknowledge her debt and that Capital One Bank then used the partial payment or acknowledgment against her by filing suit against her, threatening a like suit against her, or otherwise asserting that her debt had been revived. Nor does she allege that in any subsequent oral or written communication with her Capital One Bank misrepresented to her the effects of a limitations statute. *Compare Aronson,* 1997 WL 1038818, at *4 (finding that a representative of the defendant made a misleading statement by asserting that a statute of limitation only applies to "the length of time that it can show on your credit report."). If Wallace had made such allegations, the case would be

different. I hold, however, that unless it is alleged that a debt collector has engaged in a course of conduct that tricks a debtor into waiving his legal right to assert a limitations defense, no violation of the FDCPA occurs solely because a debt validation notice silent on the time-bar issue is sent to the debtor.

### III.

Wallace makes two ancillary contentions. First she argues that Capital One Bank's debt validation notices violated § 1692g(a)(3) by requiring that she could only dispute the validity of her debt in writing. I recognize that such cases as *Ong v. American Collections Enterprise, Inc.,* 1999 WL 51816, at *4 (E.D.N.Y.), and *Reed v. Smith, Smith, & Smith,* 1995 WL 907764, 1995 U.S. LEXIS 22013 (M.D.La. Feb. 7, 1995), support Wallace's argument. However, I am persuaded by the reasoning in *Graziano v. Harrison,* 950 F.2d 107, 111–12 (3d Cir.1991), which holds that not requiring a debtor's dispute under § 1692g(a)(3) to be in writing would make the statutory scheme incoherent. Indeed, if Capital One Bank invited an oral communication disputing the debt from the debtor, it might induce the debtor to waive her rights under § 1692g(a)(4) and (5) which require a writing to invoke the rights conferred by those sections. *Cf. Withers v. Eveland,* 988 F.Supp. 942, 947 (E.D.Va.1997).

Somewhat paradoxically, Wallace relies upon *Withers* to support her second ancillary contention: that the sentence in Capital One Bank's debt validation notices, stating "[i]f you have any questions or need to talk about your account, please call the Westmoreland Agency ...," might induce an unsophisticated debtor to waive her rights under § 1692g(a)(4) and (5). The general rule upon which Wallace relies—that the notices required by § 1692g(a) must not be overshadowed or contradicted by other messages or notices in the letter containing them—is sound. *See Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir.1991). However, a debt collector does not violate § 1692g merely by providing a telephone number in the letter containing the debt validation notices. *See, e.g., Terran v. Kaplan,* 109 F.3d 1428, 1434 (9th Cir.1997). Moreover, here the language, tenor, font, and placement of the challenged sentence inviting the debtor to call Westmoreland with any questions do not have the effect of overshadowing or contradicting the other portions of the letter that clearly require a writing for the invocation of rights under § 1692g(a)(4) and (5).