**Kelly CREIGHTON and Corey Davis, Plaintiffs,**

v.

**EMPORIA CREDIT SERVICE, INC., Defendant.**

**Nos. CIV. A. 3:97CV171, 97CV398.**

United States District Court,
E.D. Virginia,
Richmond Division.

Oct. 9, 1997.

Dale Wood Pittman, Petersburgh, VA, for Plaintiffs.

William Francis Seymour, IV, James Curie Skilling, Cherry, Seymour & Skilling, Richmond, VA, for Defendant.

### MEMORANDUM ORDER

SPENCER, District Judge.

This matter is before the Court on Plaintiffs Kelly Creighton and Corey Davis' Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons stated below, the Court will GRANT Plaintiffs' motion.

### I. BACKGROUND

In November 1996, Defendant initiated collection activities against Plaintiff Kelly Creighton by sending her an initial dunning communication attempting to collect $196.16 due Southside Regional Medical Center. Creighton Complaint at ¶ 6. Defendant initiated similar collection activities against Corey Davis by sending a similar dunning communication in an effort to collect $34.06 also due Southside Regional Medical Center. Davis Complaint at ¶ 6. Each notice demanded payment in full upon receipt and stated that failure to pay upon receipt constituted grounds for Defendant to report the debt to a credit reporting agency:

> \* \* \* **NOTICE** \* \* \* \* **YOUR ACCOUNT HAS BEEN PLACED FOR COLLECTION. YOUR UNPAID BILL MUST BE PAID IN FULL TO THIS OFFICE UPON RECEIPT OF THIS NOTICE. FAILURE ON YOUR PART TO PAY IN FULL WHEN NOTIFIED WILL BE JUST CAUSE TO PLACE THIS ITEM ON YOUR CREDIT RECORD.**

*Id.* at Ex. A. Plaintiffs contend that this notice contradicts the validation notice required by 15 U.S.C. § 1692g and could mislead the least sophisticated consumer. *Id.* at

¶¶ 11–12. Plaintiff claims that Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by contradicting and overshadowing the validation notice and by using a false representation or deceptive means to collect or attempt to collect a debt. *Id.* at ¶¶ 13–14. Plaintiffs filed their Motion for Summary Judgment on 22 August 1997.

## II.  STANDARD OF REVIEW

### A.  *Summary Judgment Standard*

Summary judgment is proper if, viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985). The essence of the inquiry that the court must make is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986).

### B.  *Fair Debt Collection Practices Act Claims ("FDCPA")*

■ The FDCPA seeks to protect consumers from abusive, deceptive and unfair debt collection practices by establishing, in part, guidelines for communications by debt collectors. A *prima facie* case for violation of the FDCPA requires plaintiff to show three elements: (1) the plaintiff is a "consumer" within the meaning of the statute; (2) the defendant collecting the debt is a "debt collector" within the meaning of the statute; (3) the defendant has violated by act or omission a provision of the FDCPA. Controlling precedent requires this Court to adopt the objective "least sophisticated debtor" standard. *See U.S. v. National Financial Services, Inc.,* 98 F.3d 131, 135–36 (4th Cir. 1996). "While protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care." *Id.* at 136.

## III.  ANALYSIS

### A.  *15 U.S.C. § 1692a(3)*

Defendant disputes whether Plaintiff Kelly Creighton is a "consumer" within the meaning of 15 U.S.C. § 1692a(3). Under the FDCPA, "the term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). The FDCPA further defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily personal, family, or household purposes." 15 U.S.C. § 1692a(5).

■ Plaintiff Creighton is a consumer. The facts do not support any other conclusion. She is a natural person who is obligated to pay a debt to Southside Regional Hospital for services. Specifically, "the debt was for medical services provided to [Creighton] by Southside Regional Medical Center for [her] kidney infection." Creighton Aff. at 4. These services fall within the definition of debt as provided in section 1692a(5). Moreover. Defendant admits that it is a debt collector within the legal definition of a debt collector under the Fair Debt Collection Practices Act. Deposition of John L. Walston, page 6. The Defendant further admits that it only collects consumer debts and that it has never collected commercial debts. *Id.*

Rule 56(e) of the Federal Rules of Civil Procedure require the Defendant to set forth specific facts showing that there is a genuine issue for trial. Rule 56(e) of the FRCP. Mere allegations or denials contained within the Defendant's pleadings are insufficient. *Id.* While the Defendant does highlight the Plaintiff's admission that she has no independent knowledge that the bill was for medical services, citing this admission alone is insufficient. Defendant has not supported the record with a copy of the Plaintiff's Deposition or any other specific facts which indicate the Plaintiff does not fall within the definition of "consumer." This failure to respond leaves

uncontroverted those facts which are established by the motion. *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 415–16 (4th Cir. 1993). Given the pleadings, affidavits and other information before the Court, Defendant's submission of such evidence would be suspect.

Summary judgment is appropriate when "a reasonable jury could [not] return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. As a matter of law, no rational fact finder could conclude that Plaintiff is not a "consumer" within the definition of § 1692a(3). The Court shall grant summary judgment on the "consumer" status of Plaintiff Kelly Creighton. Additionally, Defendants do not dispute the "consumer" status of Corey Davis. Facts not in dispute are deemed admitted for the purpose of summary judgment. Rule 56(B). Therefore,the Court shall grant summary judgment for Plaintiff Corey Davis on this issue.

### B. *15 U.S.C. § 1692g*

Consumers must be informed of their rights regarding payment of the debt. The validation notice requires the debt collector to disclose the amount of the debt and the name of the creditor to whom the debt is owed. 15 U.S.C. § 1692g(1) and (2). The debt collector must also provide statements informing the consumer that she has thirty days to contest the validity of the debt and to request the debt collector to verify the debt. 15 U.S.C. § 1692g(3) and (4).

Defendant argues that the question of whether its dunning notice violates § 1692g is a question for the jury. Established precedent fails to support this argument. The Fourth Circuit rejected a similar argument in *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir.1996). In that case, Defendants argued that a jury should determine whether their notices improperly threatened debtors or were effectively conveyed under section 1692g. *Id.* at 135. The 4th Circuit expressly disagreed and affirmed the district court grant of summary judgment. *Id.* at 137.

In *Miller v. Payco–General American Inc.*, 943 F.2d 482 (4th Cir.1991), the district court granted summary judgment for the defendant after reviewing the challenged notice. On appeal, before ruling that the relevant notice in *Miller* violated § 1692g, the Fourth Circuit indicated the court's role as "limited to ... examining whether a given notice comports with the requirements of the statute." *Id.* at 485. In reversing the case, the court did not hold that a jury should have evaluated the dunning notice for compliance with the FDCPA.

Defendant argues that its statement does not violate the provisions of section 1692g as a matter of law. According to the Defendant, its debt collection notice does not explicitly contradict the validation notice. In *Miller*, the Fourth Circuit held that a debt collection letter which contained the statements, "THIS IS A DEMAND FOR IMMEDIATE PAYMENT." "PHONE US ... TODAY." and "PAY US–NOW," did not effectively convey notice under section 1692g. *Id.* at 484. These statements overshadowed and contradicted the validation notice on the back of the letter and a reference to that notice on the front. *Id.* at 484–85. *Miller* is controlling.

As compared to the holding in *Miller*, ECS's referral notice also violates section 1692g. The Defendant employs the phrase "YOUR UNPAID BILL MUST BE PAID IN FULL TO THIS OFFICE UPON RECEIPT OF THIS NOTICE." Creighton Complaint at Ex. A. As discussed in this Court's Memorandum Opinion, the least sophisticated debtor could reasonably interpret the notice as a demand for immediate payment. *Creighton v. Emporia Credit Services, Inc.*, No.3:97CV171, (E.D.Va., May 27, 1997), p. 8. This contradicts the validation notice's declaration that the consumer or debtor has thirty days to dispute the debt.

Moreover, courts have found a violation of § 1692g when such language is combined with immediate adverse action. *See Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir.1996). Here, Defendant's debt collection notice indicates, "FAILURE ON YOUR PART TO PAY IN FULL WHEN NOTIFIED WILL BE JUST CAUSE TO PLACE THIS ITEM ON YOUR CREDIT RECORD." Creighton Complaint at Ex. A. Given

the proscriptions of the FDCPA, this statement is both misleading and false. A notice is overshadowing and contradictory if it would make the least sophisticated consumer uncertain as to her rights. *Russell*, 74 F.3d at 35. Accordingly, the Court finds the notice violates § 1692g as a matter of law and grants summary judgment on this issue.

## C.  *15 U.S.C. § 1692e(10)*

Section 1692 of the FDCPA prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10). According to the Fourth Circuit, "the test is the capacity for the statement to mislead; evidence of actual deception is unnecessary." *National Financial Services*, 98 F.3d at 139 (4th Cir.1996).[1]

Defendant employs a false threat in its effort to secure immediate payment. The least sophisticated consumer could interpret the collection notice command, "FAILURE TO PAY IN FULL WHEN NOTIFIED WILL BE JUST CAUSE TO PLACE THIS ITEM ON YOUR CREDIT REPORT" as requiring immediate payment or suffer the effects of a negative comment on her credit report. Creighton, Ex. A. In case the consumer disregards the urgency of the notice, the Defendant persists, "ACCORDING TO LAW, [THE NEGATIVE COMMENT] MAY BE REPORTED FOR SEVEN YEARS." *Id.* Combined, the least sophisticated consumer may interpret these statements to mean—pay us immediately or suffer the consequences for seven years. Since these statements are false, they have the capacity to mislead the consumer which violates section 1692e(10).

Furthermore, such an understanding is both false and deceptive given the parameters of the FDCPA. The consumer had the protections of the validation notice, which were overshadowed and undermined by the dunning notice demand for payment. Moreover, in his Deposition, ECS President John

L. Walston admitted that he did not report the information to credit reporting agencies for sixty days. Deposition of John L. Walston, p. 20. Since the Defendant sent the dunning notices in November 1996, each Plaintiff had until January 1998 before Defendant would take any adverse action.

Defendant argues that this Court may not predicate a violation of section 1692e(10) on a violation of section 1692g. The Defendant is correct in so far as the Fourth Circuit has yet to issue a ruling on the propriety of such a predicate. However, other circuit courts have considered this issue. In *Graziano v. Harrison*, 950 F.2d 107, 111 (3rd Cir.1991), the circuit court held that a statement which violated section 1692e(10) also violated section 1692g. In *Russell, supra,* the circuit court evaluated a specific notice under both sections 1692g and 1692e(10). The court in *Russell* invalidated the notice because, as here, "it advance[d] a message that is open to an inaccurate yet reasonable interpretation by the consumer, and is therefore deceptive as a matter of law." *Russell*, 74 F.3d at 36.

Therefore, the dunning notices in the instant case violate section 1692e(10) for two reasons. First, the notices violate the provisions of 1692g. Next, the notices violate section 1692e(10) because they are substantively false and deceptive. The Court grants summary judgment for the Plaintiffs on this issue.

## D.  *15 U.S.C. § 1692k*

Section 1692k imposes civil liability on a debt collector who has violated provisions of the FDCPA. Plaintiffs seek an award of statutory damages, costs, expenses and attorney fees. Memorandum in Support of Motion for Summary Judgment at 27–28. Plaintiffs seek a statutory award pursuant to § 1692k(a)(2)(A) which entitles the Plaintiffs to relief in an amount up to $1000.00. When considering an award, the court must look to "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such

---

1. The Fourth Circuit has not addressed whether contradictory language in the initial notice constitutes a violation of Section 1692e(10). In *National Financial Services,* the court applied this test subsequent notices and correspondence the debt collector mailed. In this case, it seems a logical extension to apply the test. *See id.* at 139.

noncompliance was intentional." 15 U.S.C. § 1692k(b)(1).

ECS President John Walston has operated the debt collection agency for more than twenty-five years. During the past nineteen years, the time the FDCPA has been in effect, only three parties have challenged the Defendant's methods for collecting debt. Deposition of John L. Walston, pp. 37 and 38. Reasonable inferences may be drawn from the absence of such actions. Absent facts and information indicating a greater frequency than those in the record, the Defendant is entitled to a more favorable inference. Moreover, Defendant's violation is not as explicit or graphic as in other cases. *See Miller, supra* (demand for immediate payment on the front of the correspondence was in large letters some nearly two inches high); *National Financial Services, supra,* (demand for payment in ten days with a validation notice printed on the back in small type in light grey ink). Finally, Defendant did monitor trade publications and modified his dunning notice to comply with the guidelines offered by the American Collectors Association. John L. Walston Deposition, pp. 23 and 24. Defendant deserves some credit for his apparent good-faith effort to comply with the FDCPA since the law came into effect.

These good-faith efforts must be juxtaposed with the goal of Congress to deter unfair debt collection practices. Moreover, the Fourth Circuit has exhibited a lack of judicial tolerance for failure to comply with the FDCPA. *See Miller, supra; National Financial Services, supra.* Therefore, the Court shall impose statutory damages in the amount of $750 for each Plaintiff. Defendant shall also be required to pay costs, expenses and Plaintiffs' attorney fees.

## IV. CONCLUSION

For the reasons hereinbefore stated, the Court will GRANT Plaintiffs' motion.