James C. MESELSOHN, on behalf of himself and all others similarly situated, Plaintiff,

v.

Jeffrey G. LERMAN and Jeffrey G. Lerman, P.C., Defendants.

No. 06 CV 4115(ADS)(AKT).

United States District Court, E.D. New York.

April 11, 2007.

**216**

Bromberg Law Office, P.C., New York, NY (Brian L. Bromberg, of Counsel), The Consumer Advocacy Center, P.C., Chicago, IL (Lance A. Raphael, Stacy M. Bardo, of Counsel), for the Plaintiff.

Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Kevin Schlosser, Robert C. Angelillo, of Counsel), for the Defendant.

SPATT, District Judge.

On August 18, 2006, James C. Meselsohn (the "Plaintiff" or "Meselsohn"), on behalf of himself and others similarly situated, filed a complaint against Jeffrey G. Lerman and Jeffrey G. Lerman, P.C., (the "Defendants" or "Lerman"), alleging that, while acting in the capacity of debt collector, the Defendants sent him a debt collection letter (the "Letter") that violates the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962.

Presently before the Court is a motion by the Defendants to dismiss the class action complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

The following facts are derived from the complaint and the Letter which is attached to the complaint as exhibit A. *See Rothman v. Gregor*, 220 F.3d 81, 89 (2d Cir. 2000) (holding that for the purpose of deciding a motion to dismiss, the complaint includes "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

On or about August 19, 2005, the Defendants sent the Letter to the Plaintiff in an attempt to collect an alleged consumer debt from the Plaintiff. The body of the Letter reads as follows:

Please be advised that your above referenced past due account has been referred to this office for collection.

You have thirty (30) days after receiving this notice to dispute the validity of the debt or any portion thereof. Without said notification, we will assume the debt is valid. If you dispute the debt, or any portion thereof, in writing within the thirty (30) day period, this office (will

obtain verification of the debt and mail you a copy of same. Upon your written request within the thirty (30) day period, we will provide the name and address of the original creditor if different from the current creditor.

Subject to the above, your payment, made payable to our client, is due at this office thirty (30) days from your receipt of this letter. If you are unable to pay the balance in full, you may contact this office and discuss a payment plan.

This communication is from a debt collector in an attempt to collect a debt. Any information obtained will be used for that purpose.

Thank you for giving this matter your attention.

The Letter is signed by "Jeffrey G. Lerman, Esq."

The Plaintiff admits that the Letter properly informs the consumer of his rights to dispute the debt, request verification of the debt and request creditor information within thirty (30) days of the initial communication from the debt collector. However, the Plaintiff contends that the Letter violates Section 1692g of the FDCPA validation requirements because the thirty day validation period is improperly overshadowed by the demand for payment of the debt within the same thirty days. The Plaintiff claims that the Letter does not clearly convey that the Plaintiff has the right to either pay the debt or request validation.

On September 13, 2006, the Defendants moved to dismiss the complaint, arguing that the Letter tracks the statutory language of the FDCPA and is presumptively valid. The Defendants contend that the statement regarding when payment is due is specifically made "subject to" the thirty day notice provisions and does not overshadow the validation notices contained in the Letter.

In opposition to the Defendants' motion, the Plaintiff reiterates the claims set forth in the complaint and further contends that the Letter lacks transitional language explaining to the consumer that the demand for payment does not override the consumer's right to seek validation of the debt. According to the Plaintiff, the Letter does not provide the consumer with the option of paying or disputing the debt. Rather, the language preceding the demand for payment states "subject to the above." The Plaintiff claims that it is unclear whether the consumer still has the right to dispute the debt.

## II. DISCUSSION

### A. The Standard of Review for a Motion to Dismiss

#### 1. Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), a district court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Desiderio v. National Ass'n of Sec. Dealers, Inc.,* 191 F.3d 198, 202 (2d Cir.1999). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir.1999) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *King v. Simpson,* 189 F.3d 284, 287 (2d Cir.1999) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995)). "When considering a motion to dismiss under Rule 12(b)(6), a court

may rely only on the complaint itself, as well as any documents attached to or incorporated by reference into the complaint." *Womens Interart Ctr., Inc. v. N.Y. City Econ. Dev. Corp.*, No. 03 Civ. 2732, 2005 WL 1241919, *26, 2005 U.S. Dist. LEXIS 10027, at *85 (S.D.N.Y. May 23, 2005).

## B. As To The Motion To Dismiss

The purpose of the FDCPA is to protect consumers from abusive, harassing, threatening, misleading and otherwise unscrupulous debt collection practices. *See Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996). To this end, the FDCPA requires that "debt collectors advise the consumers whose debts they seek to collect of specified rights." *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir.2001). When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a). The FDCPA further provides that

if the consumer notifies the debt collector in writing within the thirty day period ... that the debt, or any portion thereof, is disputed ... the debt collector shall cease collection ... until the debt collector obtains verification of the debt ... and a copy of such verification is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

In determining whether a debt collector violated the FDCPA, courts use "an objective standard, measured by how the 'least sophisticated consumer' would interpret the notice received from the debt collector." *Russell*, 74 F.3d at 34; *see Savino v. Computer Credit, Inc.*, 164 F.3d 81, 85 (2d Cir.1998). The test is not how an individual with the "astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer ... understands the notice he or she receives." *Russell*, 74 F.3d at 34. The application of the least-sophisticated-consumer standard serves the Act's purpose of "limiting the 'suffering and anguish' often inflicted by independent debt collectors." *Id.* Indeed, the purpose of the standard is "to ensure that the FDCPA protects all customers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir.1993).

"Only if a [validation] notice ... contains language that overshadows or contradicts other language informing a consumer of her rights does the notice violate the FDCPA." *Jacobson v. Healthcare Fin. Servs.*, 434 F.Supp.2d 133, 139

(E.D.N.Y.2006) (citing *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 309 (2d Cir.2003)). "A validation notice that tracks the language of the statute is presumed to fulfill the statutory requirements." *Id.* (citing *Greco v. Trauner, Cohen & Thomas, L.L.P.* 412 F.3d 360, 365–66 (2d Cir.2005)). In this case, the validation notice closely tracks the language of the statute and is therefore presumptively valid.

■ However, the Plaintiff contends that the Defendants' demand for payment within the thirty day validation period overshadows the validation notice. Specifically, the Plaintiff alleges that the Letter could confuse the least sophisticated consumer because it fails to explain that the demand for payment does not override the consumer's right to request validation of the debt.

■■ Although a collection letter may track the statutory language, "the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *De-Santis*, 269 F.3d at 161; *see Russell*, 74 F.3d at 35 ("It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer—Congress intended that such notice be clearly conveyed."). Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights ... violates the Act." *Russell*, 74 F.3d at 34 (citing *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir.1991)). Language is "overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights." *Russell*, 74 F.3d at 35; *see Savino*, 164 F.3d at 85. "Thus, a debt collector violates the Act if its communication is 'reasonably susceptible to an inaccurate read-

ing' of the required message." *DeSantis*, 269 F.3d at 161 (quoting *Russell*, 74 F.3d at 35). *See also Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir.1993) (noting that debt collectors are properly protected against "liability for bizarre or idiosyncratic interpretations of collection notices").

■ In the present case, the letter contains a validation notice and demands payment of the debt within that thirty day validation period. Debt collection is not required to cease during the thirty day validation period unless the debtor has indicated to the debt collector during the thirty day period that she or he disputes the debt. *Rabideau v. Management Adjustment Bureau*, 805 F.Supp. 1086, 1094 (W.D.N.Y.1992) ("continuing efforts to collect the debt may occur within the thirty day period"). However, the Letter in the present case does not contain transitional language explaining to the consumer that the "demand did not override the consumer's rights under Section 1962g to seek validation of the debt." *Savino*, 164 F.3d at 86.

In *Savino*, the Court noted that the Defendant "could have both sought immediate payment and complied with the [FDCPA] simply by inserting into the text of its letter transitional language that referred the addressee to the validation notice." *Id.* Specifically, the Second Circuit has provided the following examples of appropriate transitional language that would explain that the request for payment did not affect the consumer's right to request validation of the debt:

> Although we have requested that you make immediate payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt. Your rights are de-

scribed on the reverse side of this notice.

Our demand for immediate payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described on the reverse side of this notice.

*Id.*

Although the Defendants argue that the *Savino* case is not applicable because the letter at issue in *Savino* sought immediate payment, this Court finds that even the Defendants' demand for payment within the 30 day period without any explanation that the consumer maintains the right to seek validation of the debt could confuse an unsophisticated consumer. The only transitional language found between the validation notice and the demand for payment is the phrase "subject to the above," referring to the validation notice. The phrase "subject to the above" does not explain to an unsophisticated consumer that he or she has the right to either request validation of the debt or pay the debt within 30 days. In fact, a consumer may believe that he or she is required to pay the debt, and that any right to request validation is overridden by the demand for payment. As clearly set forth by the Second Circuit in *Savino*, any doubt to consumers could be cured by the addition of simple transitional language explaining that the demand doe not eliminate the right to request validation.

Similarly, in *Swift v. Maximus, Inc.*, No. 04–CV–216, 2004 WL 1576618, **4–5, 2004 U.S. Dist. LEXIS 13190, at *14–15 (E.D.N.Y. July 15, 2004), the debt collection letter contained both a demand for payment within 30 days from the date of the notice and a validation notice providing the consumer with 30 days from receipt of the letter to request validation of the debt. The Court determined that "[t]he sentence demanding payment does not, by itself, violate the FDCPA. The letter, however, does not adequately explain that the consumer retains his or her rights pursuant to section 1692g. The demand for payment overshadows and conflicts with the validation notice on the reverse side of the letter." *Swift*, 2004 WL 1576618, **4–5, 2004 U.S. Dist. LEXIS at *14–15. Although the Defendants argue that the Court's analysis in *Swift* is not applicable to the present matter because in *Swift* contradictory language required payment from the date of the letter while validation was from receipt of the letter, as in this case, the Court determined that the letter failed to explain to the consumer that he or she retains the right to seek validation despite a present demand for payment.

Although the Defendants' validation notice properly tracks the statutory language, pursuant to the least sophisticated consumer standard, the phrase "subject to" preceding the demand for payment could confuse an unsophisticated consumer and result in the belief that the right to request validation of the debt is outweighed by the demand for payment.

Accordingly, the Defendants' motion to dismiss the complaint is denied.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendants' motion to dismiss is **DENIED.**

**SO ORDERED.**