ELIZABETH A. KOVACHEVICH, UNITED STATES DISTRICT JUDGE
Plaintiff Desseri McCray, on behalf of herself and a putative class of similarly-situated individuals, sues Defendant Deitsch and Wright, P.A., a third-party debt collector, for violations of the Fair Debt Collection Practices Act ("FDCPA "), 15 U.S.C. § 1692 et seq. (Doc. 1). Plaintiff alleges Defendant sent her two collection letters in October and December of 2017, respectively, and that the contents of those collection letters violate Sections 1692g and 1692e of the FDCPA. Id. Plaintiff further alleges Defendant sent more than forty, nearly identical collection letters to other individuals in Florida in 2017. Id.
On October 26, 2018, the Court granted-in-part and denied-in-part Defendant's motion for judgment on the pleadings. (Doc. 37). By the motion, Defendant requested the Court enter an Order determining that, as a matter of law, Defendant's collection letters did not violate Sections 1692g or 1692e of the FDCPA. The Court granted Defendant's motion as to Plaintiff's "Verification Period Violation" claim under Section 1692e(10), finding Defendant's December 2017 collection letter did not unlawfully misrepresent Plaintiff's thirty-day time period to dispute the debt.
*1360 (Doc. 37). However, the Court denied Defendant's motion as to Plaintiff's Section 1692g(b) "overshadowing" claim and Section 1692e(10) "False Sense of Urgency" claim. Id. As to the former, the Court ordered Defendant to show cause why judgment on the pleadings should not instead be granted in Plaintiff's favor. Id. Defendant responded on November 8, 2018, (Doc. 40), and Plaintiff replied on November 30, 2018, (Doc. 52).
After careful consideration of the parties' briefing, other pertinent portions of the file, and relevant caselaw, the Court will grant judgment on the pleadings in Plaintiff's favor on her Section 1692g(b) overshadowing claim.
I. Background
On October 26, 2017, Defendant sent Plaintiff a collection letter (the "Letter ") in an attempt to collect on a $ 1,734.75 debt Plaintiff incurred after receiving personal medical services from Excel Medical Imaging, P.L. (Doc. 1, at ¶¶ 20-23); (Doc. 1-1). Defendant sent the letter on its law firm letterhead. (Doc. 1-1). The Letter read:
Dear Desseri McCray,
The following account(s) have been referred to our office for collections. We have been authorized to use any means at our disposal, within the limits of the law, necessary to collect the full balance.
...
In order to resolve this matter immediately please contact this office at [***-***]-2715 to make payment. For your convenience we accept Visa, MasterCard, Checks and Money Orders.
Be advised if we do not receive payment promptly we will be forced to take additional action to recover the subject amounts.
This is an attempt to collect a debt and any information obtained will be used for that purpose. Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will; [sic] assume this debt is valid. If you do notify this office in writing within 30 days from receiving this notice, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request, in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
Please govern yourself accordingly,
Deitsch & Wright, P.A.
On behalf of Excel Medical Imaging, P.L.
(Doc. 1-1) (emphasis in original, redaction added).
Plaintiff contends the Letter's demand for immediate payment and threat of additional action if payment was not promptly made "overshadowed" Plaintiffs right to dispute and request verification of the debt within thirty days in violation of Section 1692g(b). (Docs. 1, 53). As detailed more fully herein, the Court agrees.
II. Legal Standard
"After the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998) (citing Bankers Ins. Co. v. Fla. Residential Property and Cas. Joint Underwriting Ass'n, 137 F.3d 1293, 1295 (11th Cir. 1998) ). "Where the plaintiff *1361 moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." Parker v. DeKalb Chrysler Plymouth, 459 F.Supp. 184, 187 (N.D. Ga. 1978), aff'd, 673 F.2d 1178 (11th Cir. 1982).
III. Discussion
To succeed on a claim under the FDCPA, the plaintiff must establish "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Gesten v. Phelan Hallinan, PLC, 57 F.Supp.3d 1381, 1385 (S.D. Fla. 2014) (quoting Pescatrice v. Robert J. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D. Fla. 2008) ). Here, neither party disputes that Plaintiff was the object of collection activity arising from consumer debt, or that Defendant is a debt collector as defined by the FDCPA. Rather, the sole issue currently before the Court is whether Defendant engaged in an act or omission prohibited by the FDCPA in sending its Letter.
The FDCPA requires a debt collector's written communications to the consumer contain certain information about the debt and the consumer's right to dispute the validity of the debt. 15 U.S.C.A. § 1692g(a). Relevant here, Section 1692g(a) requires the debt collector's initial communication to the consumer (often referred to as the "validation notice") inform the consumer that he or she has thirty days to dispute the validity of the debt and that, upon the consumer's written request within the thirty-day period, the debt collector will verify the debt and provide the consumer with the name and address of the original creditor. 15 U.S.C.A. § 1692g(a)(3)-(5).[1] Here, neither party disputes that Defendant's Letter contained all mandatory Section 1692g(a) disclosures. However, even if the appropriate disclosures are provided in the validation notice, a debt collector violates Section 1692g if other language in the validation notice "overshadow[s]" or is "inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor." 15 U.S.C. § 1692g(b).
So-called "overshadowing claims" are evaluated under the "least sophisticated consumer" standard. See Leonard v. Zwicker & Assocs., P.C., 713 F. App'x 879, 882 (11th Cir. 2017) (unpublished); Shimek v. Weissman, Nowack, Curry & Wilco, P.C., 323 F.Supp.2d 1344, 1349 (N.D. Ga. 2003)aff'd, 374 F.3d 1011 (11th Cir. 2004) ; Russell v. Equifax A.R.S., 74 F.3d 30, 35 (2d Cir. 1996). "The least-sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous.' " Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258-59 (11th Cir. 2014) (quoting Jeter v. Credit Bureau, Inc., 760 F.2d 1168, 1172-73 (11th Cir. 1985) ). "However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness." Crawford, 758 F.3d at 1259 (quoting LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1194 (11th Cir. 2010) ). Other language in a validation notice overshadows *1362 or is inconsistent with the statutorily mandated disclosures if that language would make the least sophisticated consumer uncertain as to his or her rights under the FDCPA. Shimek, 323 F.Supp.2d at 1349. Whether other language in the validation notice overshadows or is inconsistent with the validation notice's Section 1692g(a) disclosures is a question of law. Id.
An unqualified demand that a consumer pay a debt prior to the expiration of the thirty-day validation period - that is, such a demand without any language explaining that the demand does not trump the consumer's right to, within thirty days, dispute the debt or request the name and address of the original creditor - overshadows and is inconsistent with a consumer's statutory rights and violates Section 1692g(b). Savino v. Computer Credit, Inc., 164 F.3d 81, 85-86 (2d Cir. 1998) ; Bartlett v. Heibl, 128 F.3d 497, 500-502 (7th Cir. 1997) ; Miller v. Payco-Gen. Am. Credits, Inc., 943 F.2d 482, 484 (4th Cir. 1991) ; Yunker v. AllianceOne Receivables Mgmt., Inc., No. 0:10-cv-61796-UU, 2011 WL 13239460, at *5 (S.D. Fla. July 19, 2011) (Ungaro, J.); Meselsohn v. Lerman, 485 F.Supp.2d 215, 217 (E.D.N.Y. 2007) (Spatt, J.); Creighton v. Emporia Credit Serv., Inc., 981 F.Supp. 411, 415-16 (E.D. Va. 1997) (Spencer, J.); Vaughn v. CSC Credit Servs., Inc., No. 1:93-cv-4151, 1995 WL 51402, at *3 (N.D. Ill. Feb. 3, 1995) (Coar, J.). Moreover, courts have found a violation of Section 1692g(b) where such a demand is combined with threats of immediate adverse action. See, e.g., Russell 74 F.3d at 34-36 ; Creighton, 981 F.Supp. at 415.
Although the Eleventh Circuit has not yet addressed a Section 1692g(b) claim predicated on demands for payment of a debt within the thirty-day validation period, at least three other circuits have. See, e.g., Savino, 164 F.3d at 85-86 ; Bartlett, 128 F.3d at 500 ; Miller, 943 F.2d at 484.
In Savino, the defendant sent the plaintiff a validation notice that read, "This notice will serve to inform you that your overdue balance with North Shore Hospital has been referred to Computer Credit, Inc. The hospital insists on immediate payment or a valid reason for your failure to make payment." 164 F.3d at 84 (emphasis added). The Section 1692g(a) disclosures were included on the back of the validation notice. Id. The district court granted partial summary judgment in the plaintiff's favor on her overshadowing claim, "finding that the [validation notice] violated the FDCPA because the language ... demanding 'immediate payment' contradicted the language of the 30-day debt validation notice and thus was misleading to consumers." Id. (citation omitted). On review, a three-judge panel of the Second Circuit affirmed. Id. at 85-86. In doing so, the panel emphasized that the defendant's "request for immediate payment did not, standing alone, violate the FDCPA." Id."Rather, [the defendant's] violation of the [FDCPA] consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1962g to seek validation of the debt." Id. at 86. The panel provided two examples of "transitional language" that it reasoned would foreclose liability under Section 1692g(b). The first example read,
Although we have requested that you make immediate payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt. Your rights are described on the reverse side of this notice.
Id. The second example read,
Our demand for immediate payment does not eliminate your right to dispute *1363 this debt within thirty days of receipt of this notice. If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described on the reverse side of this notice.
Id. In the panel's view, "the inclusion of this or similar language would effectively inform a consumer as to his or her rights under the FDCPA without imposing an undue burden on a debt collector's legitimate efforts to obtain the prompt payment of debts." Id. Because the defendant's validation notice included no such transitional language, the panel affirmed the district court's grant of summary judgment in favor of the plaintiff. Id.;see also Russell, 74 F.3d at 34-36 (reversing the district court's grant of summary judgment for the defendant where the defendant's two collection notices demanded immediate payment in full and suggested the defendant would immediately post the debt to the plaintiff's credit file).
In Bartlett, the defendants sent a validation notice that read,
if you wish to resolve this matter before legal action is commenced, you must do one of two things within one week of the date of this letter: pay $ 316 toward the satisfaction of the debt, or get in touch with [the creditor] and make suitable arrangements for payment. If you do neither, it will be assumed that legal action will be necessary.
128 F.3d at 499 (internal quotations omitted). Directly below that paragraph, the validation notice advised the plaintiff of his Section 1692g(a) rights. Id. At the end of validation notice, the defendants added, "suit may be commenced at any time before the expiration of this thirty (30) days." Id. Finding nothing confusing about the letter, the district court rendered judgment for the defendants after a bench trial. Id. On review, a three-judge panel of the Seventh Circuit reversed, finding the letter "overshadowed" the plaintiff's statutory rights. Id. at 500-502. Judge Posner, writing for the panel, reasoned
On the one hand, [the defendants'] letter tells the [consumer] that if he doesn't pay within a week he's going to be sued. On the other hand, it tells him that he can contest the debt within thirty days. This leaves up in the air what happens if he is sued on the eighth day, say, and disputes the debt on the tenth day. He might well wonder what good it would do him to dispute the debt if he can't stave off a lawsuit. The net effect of the juxtaposition of the one-week and thirty-day crucial periods is to turn the required disclosure into legal gibberish. That's as bad as an outright contradiction.
Id. at 501. Further, and like the panel in Savino, the Bartlett panel provided its own, altered version of the defendants' letter that it found would provide "a safe harbor for debt collectors" who wished to avoid liability when demanding payment or threatening additional action within the thirty-day validation period. Id. at 501-502. By its hypothetical letter, the panel approved the practice of threatening legal action if payment was not received at some point prior to the expiration of the thirty-day validation period, so long as the threat or demand is accompanied by language explaining that if, within the thirty-day period, the consumer disputes or request verification of the debt or requests the name and address of the original creditor, the law requires the creditor to suspend its collection efforts, whether through litigation or otherwise. Id.
In Miller, the defendant sent the plaintiff a validation notice that read,
DEMAND FOR PAYMENT ... THIS IS A DEMAND FOR IMMEDIATE
*1364 FULL PAYMENT OF YOUR DEBT ... YOUR SERIOUSLY PAST DUE ACCOUNT HAS BEEN GIVEN TO US FOR IMMEDIATE ACTION. YOU HAVE HAD AMPLE TIME TO PAY YOUR DEBT, BUT YOU HAVE NOT. IF THERE IS A VALID REASON, PHONE US AT [telephone number] TODAY. IF NOT, PAY US-NOW."
943 F.2d at 483 (capitalization and alterations in original). The Section 1692g(a) disclosures were set out on the back of the validation notice. Id. The district court granted summary judgment in favor of the defendant on the plaintiff's overshadowing claim. Id. On review, a three-judge panel of the Fourth Circuit reversed, holding the language of the validation notice contradicted and overshadowed the required Section 1692g(a) disclosures. Id. at 484-85. Specifically, the panel reasoned a consumer who followed the validation notice's demands might lose his or her rights under the FDCPA. Id. at 484. The panel explained
Section 1692g guarantees that validation will be sent and collection activities will cease only when the consumer disputes the debt in writing. If a consumer attempted to exercise his statutory rights by making the [telephone call demanded in the validation notice], [the defendant] would be under no obligation to comply with section 1692g's directives to verify the debt and to cease collection efforts. The language on the front of the form emphatically instructs consumers to dispute their debt by telephone, in opposition to the statutory requirements.
Id. The panel further reasoned
[t]he emphasis on immediate action also stands in contradiction to the FDCPA, which provides consumers a thirty-day period to decide to request validation. A consumer who received [the defendant's validation notice] could easily be confused between the commands to respond "immediately," "now," and "today," and the thirty-day response time contemplated by the statute.
Id. The panel concluded "[t]he manner of [the defendant's] presentation plainly undercuts and overshadows the message of the validation notice" and "to uphold it would strip the statute of its meaning." Id. at 484-85.
District courts both in the Eleventh Circuit and across the country have also addressed the issue. See, e.g., Yunker, 2011 WL 13239460, at *5 ; Meselsohn, 485 F.Supp.2d at 217 ; Creighton, 981 F.Supp. at 415-16 ; Vaughn, 1995 WL 51402, at *3.
In Yunker, district judge Ursula Ungaro granted summary judgment in the plaintiffs favor on her overshadowing claim. 2011 WL 13239460, at *5. Judge Ungaro determined the defendant's validation notice overshadowed the plaintiff's right to dispute the debt within thirty days because the validation notice stated the debt was subject to "immediate collection efforts," demanded the plaintiff contact the defendant "as soon as possible," and suggested the defendant would immediately report the debt to the appropriate credit-reporting agencies. Id.
In Meselsohn, district judge Arthur Spatt denied the defendants motion to dismiss the plaintiff's overshadowing claim. 485 F.Supp.2d 215, 219-20. Judge Spatt determined the defendant's validation notice demanding "payment of the debt within [the] thirty day validation period" without "explaining to the [plaintiff] that the demand did not override the [plaintiff's] rights under Section 1962g to seek validation of the debt... could confuse an unsophisticated consumer and result in the belief that the right to request validation of the debt is outweighed by the demand for payment." Id.
*1365 In Creighton, district judge James Spencer granted summary judgment in the plaintiff's favor on her overshadowing claim. 981 F.Supp. at 415-16. Judge Spencer determined the defendant's validation notice requiring the plaintiff's debt "BE PAID IN FULL TO [THE DEFENDANT] UPON RECEIPT OF [THE] NOTICE ... contradict[ed] the validation notice's declaration that the [plaintiff] ... [had] thirty days to dispute the debt." Id. at 415 (capitalization in original).
In Vaughn, district judge David Coar found the defendant's validation notice violated Section 1692g(b) as a matter of law because the validation notice "demanded immediate action (either a payment or phone call) and threatened to report the [plaintiff] to the credit bureau if no action was taken."[2] 1995 WL 51402, at *3. Judge Coar reasoned the validation notice's "demand for immediate payment coupled with its threat to report the [plaintiff] to the credit bureau overshadowed or contradicted the statutory notice provisions so as to render the [validation notice] deceptive and misleading[.]" Id. According to Judge Coar,
the only reasonable inference that may be drawn from the characteristics of unsophisticated consumers and the coercive effect of [the defendant's] explicit threat is that a substantial majority of unsophisticated consumers would interpret the [collection notice's] demand for immediate payment as contradicting, overshadowing and perhaps even nullifying the debt validation notice printed on its reverse side.
Id.
After a thorough review of relevant, precedential authority, the Court finds Defendant's Letter violated Section 1692g(b) as a matter of law. Defendant's Letter requested Plaintiff "immediately" contact Defendant at its office telephone number to make full payment of the debt. (Doc. 1-1) (emphasis added). In addition, the Letter advised that Defendant had been "authorized to use any means at [its] disposal" to "collect the full balance of the debt" and threatened "additional action" if Defendant did not "receive payment promptly. " Id. (emphasis added). Further, the Letter includes no "safe harbor" or "transitional language" explaining that, notwithstanding Defendant's demand, Plaintiff still retained the right to make a written request within thirty days for validation of the debt and for information about the original creditor, and that such a request would force Defendant to cease its collection efforts and provide Plaintiff with the requested information. Id. Moreover, Defendant's Letter was sent on its law firm letterhead containing a hand signed attorney signature. Id."A debt collection letter on an attorney's letterhead conveys authority," and "[a]n unsophisticated consumer, getting a letter from an attorney, knows the price of poker has just gone up." Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996).
*1366 Thus, at a minimum, an unsophisticated consumer receiving Defendant's Letter would be unable to reconcile with any degree of success the inherent inconsistency created by the Letter's disjunctive demand (by an attorney) for immediate payment and threat of additional (likely legal) action and its corresponding, yet contradictory, notice of Plaintiff's right to dispute the debt within thirty days. Additionally, as stressed by Miller, if Plaintiff had attempted to exercise her statutory rights by calling Defendant at the bolded and underlined telephone number included in the Letter (as opposed to submitting a written request), she may very well have waived her statutory rights, as Defendant would be under no obligation to comply with Section 1692g(b)'s directives to verify the debt or disclose the original creditor and cease its collection efforts. Therefore, the Court finds that the Letter's demands and threats overshadowed and were inconsistent with the Letter's Section 1692g(a) disclosures. 15 U.S.C. § 1692g(b). Accordingly, Plaintiff is entitled to judgment on the pleadings on her Section 1692g(b) overshadowing claim.
IV. Conclusion
Accordingly, it is ORDERED as follows:
1. The Court GRANTS judgment on the pleadings in favor of Plaintiff on her Section 1692g(b) overshadowing claim (Count I of her complaint).
2. The Court DECLINES to direct the entry of final judgment in favor of Plaintiff on her overshadowing claim at this juncture, as just reason for delay exists.
DONE and ORDERED in Chambers, in Tampa, Florida this 11th day of February, 2019.

If not included in the initial communication to the consumer, the debt collector must provide the Section 1692g(a) disclosures to the consumer within five days of the initial communication. 15 U.S.C. § 1692g(a).

Although he found the defendant's validation notice violated Section 1692g(b), Judge Coar denied the plaintiff's motion for summary judgment on her overshadowing claim pursuant to Federal Rule of Civil Procedure 56(d) because the plaintiff advanced a single claim alleging the defendant's letter violated multiple provisions of the FDCPA. Such is not the case here. Plaintiff pled solely her overshadowing claim in Count I of her complaint. As such, the Court can fully resolve Count I in Plaintiff's favor. However, the Court will not direct entry of final judgment in Plaintiff's favor at this juncture as just reason for delay exists. See Fed. R. Civ. P. 54(b) ("[T]he court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay,"). Plaintiff's "False Sense of Urgency" claim under Section 1692e(10) remains pending and awaiting adjudication on the merits.